# Exhibit A

## NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

**WHEREAS** Dana Byrne, Gale LaCava, John Conroy, Paul Cresti, Derrin Hawkins, Annette Ilagan, Roger Klein, Kevin McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal Tomasiello, Brian Wong and Vladimir Kvint (each referred to individually as "Plaintiff" and collectively as "Plaintiffs") have made certain claims against RMJM, Inc, RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc. and RMJM Worldwide, Inc., and their affiliates, divisions, subsidiaries, parents, and present and former officers, directors, employees (collectively, "RMJM"), Richard Bailes, Declan Thompson, Fraser Morrison, and Peter Morrison and their heirs, successors, agents or assigns (collectively, the "Individual Defendants") (RMJM and the Individual Defendants together are "Defendants") (Plaintiffs and Defendants together are the "Parties"). These claims were brought in a lawsuit, <u>Byrne et al v. RMJM Group, Inc. et al</u>, No. 12-8203, commenced with the filing of the Complaint in the Federal District Court for the Southern District of New York on November 9, 2012, and amended on January 4, 2013 and February 8, 2013 (the "Lawsuit"); and

**WHEREAS,** Plaintiffs have alleged entitlement to damages resulting from Defendants' alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the Internal Revenue Code, ("IRC"), the Employee Retirement Income Security Act ("ERISA") as well as New York State common law and tort claims; and

**WHEREAS**, Defendants expressly deny any wrongdoing whatsoever including, but not limited to, any conduct with respect to any aspect of Plaintiffs' employment, attendant employment benefits and any violation of any federal, state or local statute, ordinance or law which pertains to employment and/or attendant employment benefits; and

**WHEREAS,** on August 7, 2013, the Parties reached an amicable and final resolution of all Plaintiffs' claims against Defendants, whether brought in the Lawsuit or otherwise, in order to avoid the expense and inconvenience of further proceedings; and

**NOW THEREFORE,** in consideration of the obligations upon the Parties as set forth in this Negotiated Settlement Agreement and General Release (the "Settlement Agreement"), and in full settlement of any claims that Plaintiffs have, had, may have or may have had against Defendants, the Parties agree as follows:

1. **Payment.** Defendants, without admitting any liability or wrongdoing whatsoever, agree to pay Plaintiffs and their attorneys, in the aggregate, the amount of Eight Hundred and Eighty-Five Thousand Dollars and Zero Cents ($885,000.00) in settlement of any and all claims against Defendants (the "Settlement Payment"). It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between the Parties. The Parties agree that the Settlement Payment constitutes good and sufficient consideration for settlement of any and all claims Plaintiffs have against Defendants. The Settlement Payment will be made as follows:

      (a)    Within 15 days of Plaintiffs' execution of the Settlement Agreement, Defendants will deliver to Thompson Wigdor LLP checks made payable to each individual

Plaintiff in the amounts specified in the column entitled "First Payment – Non-Wage Damages" in Exhibit A.  These payments are made to compensate Plaintiffs for alleged damages resulting from alleged entitlement to, *inter alia*, reimbursement of work-related expenses, reimbursement of attorneys' fees and costs, reimbursement of medical expenses, reimbursement of deductions from wages, statutory damages under the NYLL, statutory damages under the IRC, damages resulting from violations of ERISA, and damages resulting from emotional distress, pain and suffering.   Defendants will issue Form 1099s to each Plaintiff for the amounts specified in the column entitled "First Payment – Non-Wage Damages" in Exhibit A.

(b)     Within 15 days of Plaintiffs' execution of the Settlement Agreement, Defendants will deliver to Thompson Wigdor LLP a check made payable to Thompson Wigdor LLP in the amount of $234,133.33 in recognition of attorneys' fees and costs incurred by Plaintiffs in the Lawsuit.  Defendants will issue Form 1099s to each Plaintiff for the amounts specified in the column entitled "First Payment – Attorneys' Fees and Costs" in Exhibit A. Defendants also will issue a Form 1099 to Thompson Wigdor LLP for the full amount of payment received under this Paragraph 1(b).

(c)     No later than October 15, 2013, Defendants will deliver to Thompson Wigdor LLP checks made payable to each individual Plaintiff in the amounts specified in the column entitled "Second Payment – Wage Damages" in Exhibit B, less applicable withholdings and deductions.  These payments are made to compensate Plaintiffs for lost wages.   Defendants will issue IRS Form W2s to each Plaintiff for the amounts specified in the column entitled "Second Payment – Wage Damages" in Exhibit B.

(d)     No later than October 15, 2013, Defendants will deliver to Thompson Wigdor LLP checks made payable to each individual Plaintiff in the amounts specified in the column entitled "Second Payment – Non-Wage Damages" in Exhibit B.  These payments are made to compensate Plaintiffs for alleged damages resulting from alleged entitlement to, *inter alia*, reimbursement of work-related expenses, reimbursement of attorneys' fees and costs, reimbursement of medical expenses, reimbursement of deductions from wages, statutory damages under the NYLL, statutory damages under the IRC, damages resulting from violations of ERISA, and damages resulting from emotional distress, pain and suffering.  Defendants will issue Form 1099s to each Plaintiff for the amounts specified in the column entitled "Second Payment – Non-Wage Damages" in Exhibit B.

(e)     No later than October 15, 2013, Defendants will deliver to Thompson Wigdor LLP a check made payable to Thompson Wigdor LLP in the amount of $66,666.67 in recognition of attorneys' fees incurred by Plaintiffs in the Lawsuit.  Defendants will issue Form 1099s to each Plaintiff for the amounts specified in the column entitled "Second Payment – Attorneys' Fees" in Exhibit B.  Defendants also will issue a Form 1099 to Thompson Wigdor LLP for the full amount of payment received under this Paragraph 1(e).

(f)     Prior to the payment of the amounts listed in Paragraphs 1(a)-(e), Plaintiffs will provide Defendants with: (i) Form W4s for each Plaintiff; and (ii) Form W9s for each Plaintiff and for Thompson Wigdor LLP and/or any other necessary tax information.

(g)    The payments listed in Paragraphs 1(a)-(e) will not be made until the Parties file a stipulation of dismissal with prejudice (the "Stipulation of Dismissal") with the Court to be So-Ordered, and the Court So-Orders the Stipulation of Dismissal.  The stipulation of dismissal to be filed with the Court is attached hereto at Exhibit E.  To the extent the Court does not So-Order the Stipulation of Dismissal until after any of the payment dates specified in Paragraphs 1(a)-(e), such payments shall be made within five (5) working days after the Stipulation of Dismissal is So-Ordered.

(h)    Peter Morrison will execute, contemporaneous with the execution of this Settlement Agreement, a personal guarantee for the payments listed in Paragraphs 1(c)-(e) if they are not made by October 15, 2013 (or other applicable date pursuant to Paragraph 1(g)), in the form attached hereto as Exhibit D.  Peter Morrison agrees that Plaintiffs may recover the payments listed in Paragraph 1(c)-(e) against any property Peter Morrison has an ownership interest in, whether in the United States, the United Kingdom or elsewhere.  Peter Morrison also agrees that he will be liable for any and all attorneys' fees and costs associated with Plaintiffs' enforcement of this Paragraph 1(h), as well as interest on the payments listed in Paragraph 1(c)-(e) at the rate provided for in the New York Civil Practice Laws and Rules, running from the date payment was due.  Peter Morrison further agrees not to contest Plaintiffs choice of venue or jurisdiction in enforcing this Paragraph 1(h), including any venue or jurisdiction within the United States, the United Kingdom or elsewhere.

(i)    To the extent any payments provided in Paragraph 1(a)-(e) are not made or approved by the Court, and in addition to the other remedies provided herein and available by law, the Parties agree that Plaintiffs may reinstate all causes of action alleged in the Lawsuit as if filed on November 9, 2012, the date of the filing of the Lawsuit, with tolling of the applicable statutes of limitations from November 9, 2012, and seek any and all available equitable and injunctive relief as well as certification of the Lawsuit as a class action.  Defendants agree not to raise any objection or defense to the reinstated claims on any basis related to the fact that a stipulation of dismissal with prejudice was filed (including, but not limited to, issue or claim preclusion, *res judicata*, statute of limitations or any claim that Plaintiffs waived any right by virtue of filing s stipulation of discontinuance pursuant to Federal Rule of Civil Procedure 41 or any other law or rule).  Defendants also agree to join in any application Plaintiffs make opposing any court's *sua sponte* consideration of dismissing any aspect of Plaintiffs' reinstated claims on any basis related to the fact that a stipulation of dismissal with prejudice was filed.

(j)    Defendants' obligations to make the payments listed in Paragraph 1(a)-(e) cease upon delivery of such payments to Plaintiffs' counsel, provided, however, that the obligation to make the payments listed in Paragraphs 1(a)-(e) will not be discharged if the payment is unsuccessful (e.g., if a check bounces for insufficient funds).

2.    **Indemnification.**  Each individual Plaintiff agrees to indemnify Releasees (as defined in Paragraph 3(a), below) should Releasees face any adverse tax consequences or liability as a result of its payment of the Settlement Payment to that individual Plaintiff or any audit as a result of and related to Releasees' payment of the Settlement Payment to that individual Plaintiff, with the exception of any liability arising from the fault or negligence of Releasees.  Plaintiffs also will not be required to indemnify Releasees with respect to any failure

3

on the part of Defendants to pay the "applicable withholdings" referred to in Paragraph 1(c) to the appropriate authority.  Nothing in this Paragraph 2 shall be interpreted to require an individual Plaintiff to indemnify Releasees for any adverse tax consequences or liability as a result of its payment of the Settlement Payment to any other individual Plaintiff or any audit as a result of and related to Releasees' payment of the Settlement Payment to any other individual Plaintiff.  Plaintiffs acknowledge that Defendants have made no representation to them about the tax consequence of any payment made herein.

3.    **Plaintiffs' Release of Releasees.**  In exchange for the promises and payments made by Defendants and Plaintiffs as outlined in this Settlement Agreement, the Parties agree as follows:

(a)    Plaintiffs hereby warrant, represent and certify that, other than the Lawsuit no Plaintiff has any pending complaint, lawsuit, action, cause of action in law or equity, administrative charge, claim, controversy, demand, grievance and/or proceeding whatsoever against Defendants, their affiliates, divisions, subsidiaries, parents, any merged entity or merged entities, and/or its or their present and former officers, directors, employees (including, but not limited to, Richard Bailes, Declan Thompson, Fraser Morrison, and Peter Morrison), agents, shareholders and/or successors, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and/or Defendants' insurers (hereinafter and heretofore referred to as "Releasees") in any forum, including but not limited to any federal, state or local court, administrative agency, the New York City Commission on Human Rights, the New York State Division of Human Rights, the United States Department of Labor, the New York State Department of Labor, the Equal Employment Opportunity Commission, and the National Labor Relations Board and, to the extent that any administrative charge has been or is filed by or on behalf of any Plaintiff, he/she agrees not to seek or in any way obtain or accept any monetary award, recovery or settlement therefrom; and

(b)    Each Plaintiff hereby releases, waives and agrees not to institute voluntarily or to be represented in, submit or file, or permit to be submitted or filed on his/her behalf or anyone else's behalf any complaints, lawsuits, actions, causes of action, controversies, demands, grievances and/or proceedings whatsoever, whether in law or equity, with any administrative agency or court or any other forum, under any federal, state or local laws or regulations including, but not limited to, claims arising under the Americans With Disabilities Act, the National Labor Relations Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), as amended including, but not limited to, breach of fiduciary duty and equitable claims brought under § 1132(a)(3), the Worker Adjustment and Retraining Notification Act, as amended, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Sarbanes-Oxley Act, the, the, the New York State Human Rights Law, the New York Executive Law, the New York City Human Rights Law, the New York City Administrative Code, New York Labor Law, the New York Whistleblower's Law, the New York AIDS Testing Confidentiality Act, the New York Equal Pay Law, the New York Employee's Protection from Discrimination for Engagement in Legal Activities Law, the New York Law on Equal Rights, the New York Civil Rights Law, the

4

New York Adoptive Parents' Child Care Leave Law, the New York Minimum Wage Act, the New York Wage Payment Law and/or any other federal, state or local human rights, civil rights, whistle-blower, wage-hour, pension or labor law, rule, statute, regulation, constitution or ordinance and/or public policy, contract or tort law, or any claim of retaliation under such laws, or any claim of breach of any contract (whether express, oral, written or implied from any source), or any claim of intentional or negligent infliction of emotional distress, tortious interference with contractual relations, wrongful or abusive or constructive discharge, defamation, prima facie tort, fraud, negligence, loss of consortium, malpractice, breach of duty of care, breach of fiduciary duty, or any action similar thereto against any of the Releasees, including any claim for attorneys' fees, expenses or costs based upon any conduct from the beginning of the world up to and including the date of this Settlement Agreement (the "Released Matters") and shall not, from any source or proceeding whatsoever, seek, or in any way obtain or accept any award, recovery, settlement or relief therefrom; and

(c)     Plaintiffs agree to immediately seek and obtain dismissal with prejudice of any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding (unless such proceeding is a class action in which case Plaintiffs agree to "opt out" of the class and not participate in the class action) in the event that, for any reason, any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding covered by Paragraphs 3(a), or 3(b) is pending or is instituted on his/her behalf.

(d)     The release contained in this Paragraph 3(a)-(c) does not affect or limit: (i) Plaintiffs' right to bring and recover damages for any claims that may arise after the date Plaintiffs sign the Settlement Agreement; (ii) Plaintiffs' rights to enforce the Releasees obligations herein; (iii) Plaintiffs' right to any vested benefits to which they are entitled, (iv) Plaintiffs' right to bring and recover damages for any claims that, under controlling law, may not be released by this settlement or (v) Plaintiffs' right to seek indemnification or contribution as permitted by law in the event of entry of judgment against any Plaintiff as a result of any act or failure to act for which he/she and Defendants are jointly-liable.  In addition, nothing in the Settlement Agreement waives or limits Plaintiffs' rights to file a charge with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding provided that each Plaintiff waives any monetary benefit that may result from such government investigation and/or proceeding.

4.     **Defendants' Release of Plaintiffs.**  In exchange for the promises and release made by Plaintiffs as outlined in this Settlement Agreement, the Parties agree as follows:

(a)     Defendants hereby warrant, represent and certify that no Defendant has any pending complaint, lawsuit, action, cause of action in law or equity, administrative charge, claim, controversy, demand, grievance and/or proceeding whatsoever against any Plaintiff in any forum, including but not limited to any federal, state or local court, administrative agency, the New York City Commission on Human Rights, the New York State Division of Human Rights, the United States Department of Labor, the New York State Department of Labor, the Equal Employment Opportunity Commission, and the National Labor Relations Board and, to the

5

extent that any administrative charge has been or is filed by or on behalf of any Plaintiff, he/she agrees not to seek or in any way obtain or accept any monetary award, recovery or settlement therefrom; and

(b)     Each Defendant hereby releases, waives and agrees not to institute voluntarily or to be represented in, submit or file, or permit to be submitted or filed on his/her behalf or anyone else's behalf any complaints, lawsuits, actions, causes of action, controversies, demands, grievances and/or proceedings whatsoever, whether in law or equity, with any administrative agency or court or any other forum, under any federal, state or local laws or regulations including, but not limited to, claims arising under the Americans With Disabilities Act, the National Labor Relations Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), as amended including, but not limited to, breach of fiduciary duty and equitable claims brought under § 1132(a)(3), the Worker Adjustment and Retraining Notification Act, as amended, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Sarbanes-Oxley Act, the New York State Human Rights Law, the New York Executive Law, the New York City Human Rights Law, the New York City Administrative Code, New York Labor Law, the New York Whistleblower's Law, the New York AIDS Testing Confidentiality Act, the New York Equal Pay Law, the New York Employee's Protection from Discrimination for Engagement in Legal Activities Law, the New York Law on Equal Rights, the New York Civil Rights Law, the New York Adoptive Parents' Child Care Leave Law, the New York Minimum Wage Act, the New York Wage Payment Law and/or any other federal, state or local human rights, civil rights, whistle-blower, wage-hour, pension or labor law, rule, statute, regulation, constitution or ordinance and/or public policy, contract or tort law, or any claim of retaliation under such laws, or any claim of breach of any contract (whether express, oral, written or implied from any source), or any claim of intentional or negligent infliction of emotional distress, tortious interference with contractual relations, wrongful or abusive or constructive discharge, defamation, prima facie tort, fraud, negligence, loss of consortium, malpractice, breach of duty of care, breach of fiduciary duty, or any action similar thereto against any of the Plaintiffs, including any claim for attorneys' fees, expenses or costs based upon any conduct from the beginning of the world up to and including the date of this Settlement Agreement and General Release and shall not, from any source or proceeding whatsoever, seek, or in any way obtain or accept any award, recovery, settlement or relief therefrom; and

(c)     Defendants agree to immediately seek and obtain dismissal with prejudice of any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding (unless such proceeding is a class action in which case Defendants agree to "opt out" of the class and not participate in the class action) in the event that, for any reason, any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding covered by Paragraphs 4(a), or 4(b) is pending or is instituted on any Defendants' behalf.

(d)     The release contained in this Paragraph 4(a)-(c) does not affect or limit: (i) Defendants right to bring and recover damages for any claims that may arise after the date

6

Plaintiffs sign this Agreement; (ii) Defendants' rights to enforce Plaintiffs' obligations herein; or (iii) Plaintiffs' right to bring and recover damages for any claims that, under controlling law, may not be released by this settlement.

**5.**     **Mutual Non-Disparagement.**

(a)     Plaintiffs each agree that they will not collectively or individually (i) make any statements (orally, in writing, or through any other means) including, but not limited to, any public statements, or statements to the media; (ii) publish or cause to be published any books, articles, journals, videos, scripts or treatments; or (iii) publish, post, or cause to be published or posted any blog entry, tweet, or other internet or social media posting, which impugns or disparages any Defendant.

(b)     The Individual Defendants each agree that they will not collectively or individually (i) make any statements (orally, in writing, or through any other means) including, but not limited to, any public statements, or statements to the media; (ii) publish or cause to be published any books, articles, journals, videos, scripts or treatments; or (iii) publish, post, or cause to be published or posted any blog entry, tweet, or other internet or social media posting, which impugns or disparages any Plaintiff.

**6.**     **Confidentiality.**  The Parties agree that the existence and terms and conditions of this Agreement, the discussions and negotiations that led to this Settlement Agreement, including those at mediation, and the underlying allegations including those asserted in the Lawsuit are and shall be deemed to be confidential ("Confidential Information") and shall not hereafter be disclosed by the Parties or those acting on the Parties' behalf, in any manner to any third parties, except as permitted in Paragraph 6(a), below.

(a)     The only permitted disclosures of Confidential Information are: (i) as may be required by court or administrative order or subpoena or to a government entity or agency in connection with any charge, investigation or inquiry or as otherwise required by law; (ii) to a Party's attorney(s), accountant(s), tax or financial advisor(s) or immediate family; and (iii) in proceedings arising from or pertaining to this negotiated Settlement Agreement.  If any Party is asked about the Lawsuit or dispute between the Parties, he or she may respond that the matter was resolved without including any further detail.

(b)     Should any Party be required by law, legal process or subpoena to provide Confidential Information, such Party shall, in advance of providing any response to such law, legal process or subpoena, and within ten (10) days of such Party's receipt of notice of such law, legal process or subpoena, or as soon as practicable, provide notice to all other Parties of such law, legal process or subpoena such that those other Parties may seek to assert their rights and interests in connection therewith.

(c)     If Defendants can establish that any Plaintiff has breached this Paragraph 6, the Plaintiff established to have breached this Paragraph 6 agrees to pay liquidated damages equal to the net amount that individual Plaintiff receives pursuant to Paragraph 1(a), (c) and (d).

7

(d)    Nothing in this Settlement Agreement shall prohibit or restrict any Plaintiff from providing information to or otherwise assisting in, an investigation by or proceeding brought by Congress, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or any other federal, state or local law enforcement agency.

**7.    Medicare Status.**

(a)    Plaintiffs represent that they are not enrolled in the Medicare program, were not enrolled in the Medicare program at the time of the Released Matters or anytime thereafter through the date of this Agreement, and have not received Medicare benefits for medical services or items related to, arising from, or in connection with the Released Matters.

(b)    Plaintiffs represent and warrant that they have not received any medical services or items related to, arising from, or in connection with the Released Matters.

(c)    Plaintiffs represent and warrant that no Medicaid payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any Released Matters. Plaintiffs further agree that Plaintiffs, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

(d)    To the extent that Plaintiffs' representations and warranties related to Plaintiffs' Medicare status and receipt of medical services and items related to the Released Matters are inaccurate, not current, or misleading, Plaintiffs agree to indemnify and hold harmless Releasees from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, or any other person or entity, arising from or related to this Agreement, the payment of the Settlement Amount, any Conditional Payments as described under the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. § 1395y(b) and implementing regulations ("Conditional Payments"), or any medical expenses or payments arising from or related to any Released Matters that is subject to this Agreement or the release set forth herein, including but not limited to: (i) all claims and demands for reimbursement of Conditional Payments or for damages or double damages based upon any failure to reimburse Medicare for Conditional Payments; (ii) all claims and demands for penalties based upon any failure to report, late reporting, or other noncompliance with or violation of Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (P.L. 110-173), which, in part, amended the Medicare Secondary Payer statute at 42 U.S.C. § 1395y(b)(7) and (8), that is based in whole or in part upon late, inaccurate, or inadequate information provided to Releasees by Plaintiffs or Plaintiffs' Counsel or upon any failure of Plaintiffs or Plaintiffs' Counsel to provide information; and (iii) all Medicaid liens.  This indemnification obligation includes all damages, double damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of Releasees in connection with such claims, demands, subrogated interests, or causes of action. Regardless of the accuracy of the representations and warranties made above, Plaintiffs agree to indemnify and hold

8

Releasees harmless for taxes on the payments made to Plaintiffs and any tax consequences related thereto, except those prohibited by law.

8.     **Dispute Resolution.**  All disputes concerning this Settlement Agreement, including, but not limited to, its validity, interpretation, enforceability, effect or alleged breach thereof, are to be resolved by Carol Wittenberg as the sole arbitrator.  Both Parties expressly waive their right to appeal from any decision of Carol Wittenberg.  However, this Paragraph 8 does not apply to Plaintiffs' enforcement of Paragraph 1(h) or to any claims reinstated pursuant to Paragraph 1(i).

9.     **Severability.**  Plaintiffs and Defendants agree that if any of the provisions, terms, clauses, waivers and releases of claims and rights contained in this Settlement Agreement are declared illegal, unenforceable or ineffective in a forum of competent jurisdiction, such provisions, terms, clauses, waivers and releases of claims or rights shall be modified, if possible, in order to achieve, to the extent possible, the intentions of Plaintiffs and Defendants, and, if necessary, such provisions, terms, clauses, waivers and releases of claims and rights shall be deemed severable, such that all other provisions, terms, clauses, waivers and releases of claims and rights contained in this Settlement Agreement shall remain valid and binding upon Plaintiffs and Defendants.  Plaintiffs further agree to use their best efforts to effectuate a valid release for any provisions, terms, clauses, waivers and releases or claims or rights deemed to be unenforceable for any reason.

10.     **Modification.**  Plaintiffs and Defendants agree that this Settlement Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all Plaintiffs and Defendants.

11.     **Integration.**  This Settlement Agreement sets forth the entire agreement between Plaintiffs and Defendants, and fully supersedes or integrates any and all prior agreements or understandings between them pertaining to the subject matter thereof.

12.     **Knowing and Voluntary Agreement.**  Plaintiffs agree and affirm that:

(a)     They have carefully read and fully understands all of the provisions of this Settlement Agreement;

(b)     They were advised and hereby are advised to consider carefully the terms of this Settlement Agreement and consult with an attorney prior to executing this Agreement, and have considered the terms of this Settlement Agreement and consulted with an attorney prior to executing it;

(c)     They have been given twenty one (21) days to consider their rights and obligations under this Settlement Agreement and to consult with an attorney before executing it;

(d)     This Settlement Agreement is legally binding, and by signing it, Plaintiffs understand that they are giving up certain rights, including, but not limited to, any and all claims

they may have against Releasees under the Age Discrimination in Employment Act of 1967 (29 U.S.C. §621, et seq.);

        (e)    They have signed this Settlement Agreement freely and voluntarily, without duress, coercion or undue influence and with full and free understanding of its terms;

        (f)    They have a full seven (7) calendar days following their execution of this Settlement Agreement to revoke it by notifying Defendants of their desire to revoke, and have been and hereby are advised that this Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired; and

        (g)    They have each reviewed Exhibits A, B and C to this Settlement Agreement and agree that they payments provided for in Exhibits A, B and C, as well as in Paragraph 1 of this Settlement Agreement are accurate.  Each Plaintiff further represents that this settlement agreement constitutes informed consent concerning the settlement of the Lawsuit and consent to the amounts paid to each other Plaintiff as well as the participation of each Plaintiff in the settlement.

    **13**.    **Mediation Fees.**  On or before October 15, 2013, Defendants agree to reimburse Thompson Wigdor LLP in the amount of $3,275.00, which represents the amount paid by Thompson Wigdor LLP to JAMS for the mediation of this dispute.  Defendants also agree to pay any further fees owed to JAMS in connection with the mediation of this dispute.

    **14.**    **Counterpart Execution Permissible:**  This Agreement may be executed in counterparts, each of which when so executed shall be deemed an original and all such counterparts together shall constitute but one and the same instrument.  Photographic and facsimiled copies of such signed counterparts may be used in lieu of the originals for any purpose.

    **15.**    **Notices:**  All notices required to be made to Defendants shall be made in writing (letter correspondence or electronic mail) to Bond, Schoeneck & King, PLLC, 330 Madison Avenue, New York, New York 10017-5001, jho@bsk.com.  All notices required to be made to Plaintiffs shall be made in writing (letter correspondence or electronic mail) to Thompson Wigdor LLP, 85 Fifth Avenue, New York, New York 10003, dgottlieb@thompsonwigdor.com.

    **16**.    **Interpretation of Agreement.**  The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Settlement Agreement, as all Parties have fully participated in the preparation of all provisions of this Agreement.

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| _Dana K. Byrne_ 8/26/2013 | | | |
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy _(signed)_ 08/27/2013 | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | 08/27/2013<br>Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc.<br>By: | Date | RMJM Group, Inc.<br>By: | Date |
| RMJM Hillier<br>Group, Inc.<br>By: | Date | RMJM Hillier<br>Worldwide, Inc.<br>By: | Date |
| RMJM Worldwide, Inc.<br>By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Rawkins | Date | Annette Illagan | Date |
| Roger L. Klein   *8.28.13* | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | 8·26·2013 Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | 8/26/13 Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

   To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | 08/23/13 Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | 8/27/13 Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

_Gale LaCava_ (signature)   8·25·13

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date<br>8/26/13 |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc.<br>By: | Date | RMJM Group, Inc.<br>By: | Date |
| RMJM Hillier Group, Inc.<br>By: | Date | RMJM Hillier Worldwide, Inc.<br>By: | Date |
| RMJM Worldwide, Inc.<br>By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan *ILAGAN* | 8/26/13 Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | 8·25·2013 |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date 8/25/13 |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | *Belinda* ·   08/27/13 <br> Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. <br> By: | Date | RMJM Group, Inc. <br> By: | Date |
| RMJM Hillier Group, Inc. <br> By: | Date | RMJM Hillier Worldwide, Inc. <br> By: | Date |
| RMJM Worldwide, Inc. <br> By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | 25 AUG 2013  Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Aug 26, 2013 |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

| | | | |
|---|---|---|---|
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |

*[Signature]* 26/08/13
RMJM, Inc.                                    Date
By: DECLAN THOMPSON

*[Signature]* 26/08/13
RMJM Group, Inc.                          Date
By: DECLAN THOMPSON

*[Signature]* 26/08/13
RMJM Hillier                                   Date
Group, Inc.
By: DECLAN THOMPSON

*[Signature]* 26/08/13
RMJM Hillier                                   Date
Worldwide, Inc.
By: Declan THOMPSON.

*[Signature]* 26/08/13
RMJM Worldwide, Inc.    Date
By: DECLAN THOMPSON

Sir Fraser Morrison                        Date

*[Signature]* 26/08/13
Peter Morrison            Date

Declan Thompson                           Date

Richard Bailes            Date

*[initials DT]*

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | 26 Aug 2013 Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

| | | | |
|---|---|---|---|
| Dana E. Klein Byrne | Date | Gale LaCava | Date |
| John Conroy | Date | Paul B. Cresti | Date |
| Derrin Hawkins | Date | Annette Illagan | Date |
| Roger L. Klein | Date | Kevin McCausland | Date |
| Brian Meneghin | Date | Steve Mylenski | Date |
| Jamie Palazzolo | Date | Belinda Park | Date |
| Sean Roche | Date | Salvatore Tomasiello | Date |
| Brian Chi-bun Wong | Date | Vladimir Kvint | Date |
| RMJM, Inc. By: | Date | RMJM Group, Inc. By: | Date |
| RMJM Hillier Group, Inc. By: | Date | RMJM Hillier Worldwide, Inc. By: | Date |
| RMJM Worldwide, Inc. By: | Date | Sir Fraser Morrison | Date |
| Peter Morrison | Date | Declan Thompson | Date |
| Richard Bailes | Date | | |

11

To signify their agreement to the terms of this Settlement Agreement, Plaintiffs and Defendants have executed this Settlement Agreement on the date set forth opposite their signatures which appear below.

Dana E. Klein Byrne _____ Date _____      Gale LaCava _____ Date _____

John Conroy _____ Date _____      Paul B. Cresti _____ Date _____

Derrin Hawkins _____ Date _____      Annette Illagan _____ Date _____

Roger L. Klein _____ Date _____      Kevin McCausland _____ Date _____

Brian Meneghin _____ Date _____      Steve Mylenski _____ Date _____

Jamie Palazzolo _____ Date _____      Belinda Park _____ Date _____

Sean Roche _____ Date _____      Salvatore Tomasiello _____ Date _____

Brian Chi-bun Wong _____ Date _____      Vladimir Kvint _____ Date _____

RMJM, Inc. _____ Date _____
By:      RMJM Group, Inc. _____ Date _____
By:

RMJM Hillier Group, Inc. _____ Date _____
By:      RMJM Hillier Worldwide, Inc. _____ Date _____
By:

RMJM Worldwide, Inc. _____ Date _____
By:      Sir Fraser Morrison _____ Date _____

Peter Morrison _____ Date _____      Declan Thompson _____ Date _____

Richard Bailes _____ Date 26/08/13

11

