# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- x

DANA BYRNE, GALE LaCAVA, JOHN CONROY, :
PAUL CRESTI, DERRIN HAWKINS, ANNETTE :
ILAGAN, ROGER KLEIN, VLADIMIR KVINT, :
KEVIN McCAUSLAND, BRIAN MENEGHIN, :
STEVE MYLENSKI, JAMIE PALAZZOLO, :
BELINDA PARK, SEAN ROCHE, SAL         :         Civil Action No. 12-civ-8203 (PKC)
TOMASIELLO, BRIAN WONG, on behalf of  :
themselves individually and on behalf of all other :
similarly situated persons,           :
                                       :
                        Plaintiffs,    :
                                       :
                v.                     :
                                       :
RMJM, INC.; RMJM GROUP, INC.; RMJM     :
HILLIER GROUP, INC.; RMJM HILLIER      :
WORLDWIDE, INC.; RMJM WORLDWIDE, INC.; :
RICHARD BAILES; DECLAN THOMPSON;       :
FRASER MORRISON; and PETER MORRISON,   :
                                       :
                        Defendants.    :

--------------------------------------------------------------------- x

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules of

the United States District Courts for the Southern District of New York ("Local Civil Rules"),

and all other relevant provisions thereof, Plaintiffs, by and through undersigned counsel,

Thompson Wigdor LLP, hereby request that Defendants produce copies of all documents in their

possession, custody and/or control as requested herein to the offices of Thompson Wigdor LLP,

85 Fifth Avenue, New York, New York 10003.  Defendants' responses to Plaintiff's First

Request for Production of Documents ("Requests") are due within thirty (30) days of the service

of these Requests upon Defendants.  These Requests should be read, interpreted and responded

to in accordance with the instructions and definitions set forth below, as well as the Federal

Rules of Civil Procedure and the Local Civil Rules.  Plaintiffs reserve the right to serve supplemental Requests at a later date.

## INSTRUCTIONS

1.      The following Requests constitute a continuing demand for production of documents and electronically stored information to the fullest extent permitted by law. Accordingly, if at some point after the service of these Requests, Defendants or anyone acting on their behalf obtain or become aware of additional documents or electronically stored information pertaining to any request for production, or a document is located or is created which is responsive to one of the Requests herein, these Requests are to be interpreted as requiring production of that document, and Defendants are required to provide such documents and/or electronically stored information by way of supplemental responses.  Such supplemental responses are to be served upon Plaintiffs' counsel within twenty (20) days after Defendants become aware of such documents and/or electronically stored information.

2.      In responding to these Requests, Defendants must furnish all documents and electronically stored information available, including documents and/or electronically stored information in the possession, custody or control of Defendants' attorneys or investigators or anyone else acting for or on Defendants' behalf, and not merely documents and/or electronically stored information held by Defendants.  If Defendants are unaware of the existence of any documents or electronically stored information responsive to a Request, Defendants should expressly so indicate, answer to the extent possible and identify any person(s) who may have additional knowledge or information to complete the response.

3.      If any document or electronically stored information is withheld on grounds of privilege, or that the document or electronically stored information contains materials that

constitute attorney work product, Defendants should provide a statement signed and verified by Defendants' attorneys that sets forth as to each such document or electronically stored information a sufficient description to enable the Court to rule on the validity of the claim of privilege, including at least the following information:

(a)    the name and address of the person(s) who possess or control the document or electronically stored information and each copy thereof;

(b)    the name of the author or creator of the document or electronically stored information;

(c)    the name of the sender of the document or electronically stored information if different from the author or creator and the name of the person(s) to whom copies were sent or otherwise made available, including without limitation the name of each person designated to:, from:, cc: and bcc:, if applicable, for the entire e-mail chain of any responsive e-mails;

(d)    the name of any person(s) known to have seen or have possession of a copy of the document or electronically stored information if not identified above;

(e)    the business affiliation and job title of every person named in (a), (b), (c) and (d) above;

(f)    the date(s) of creation or otherwise indicated date(s) of the document or electronically stored information;

(g)    a brief description of the nature (e.g., letter, memorandum) and subject matter of the document or electronically stored information; and

(h)    the basis of the privilege claim.

4.    If any document or electronically stored information that would have been responsive to these Requests has been destroyed or is no longer in Defendants' possession, custody or control, provide the following information:

(a)     the date(s) of creation, destruction or otherwise indicated date(s) of the document or electronically stored information;

(b)     the names and job titles of the preparer(s), sender(s), and recipient(s) of the documents or electronically stored information;

(c)     the date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document or electronically stored information left Defendants' possession, custody or control; and

(d)     the circumstances surrounding the loss of the document or electronically stored information or the reason for its destruction.

5.     These Requests should be read, interpreted and responded to in accordance with the definitions, instructions and detail required by the Federal Rules of Civil Procedure and the Local Civil Rules, including the E-Discovery Amendments of December 1, 2006.

7.     Unless otherwise stated, these Requests seek documents or electronically stored information that were generated, received, came into existence or were utilized from November 9, 2006 to the present.

## DEFINITIONS

1.     The terms "**documents**" and "**electronically stored information**" (or "ESI") are defined to be synonymous in meaning and equal in scope to the usage of these terms in Federal Rule of Civil Procedure 34(a), including, without limitation, data or data compilation stored in any medium.  The term document encompasses all communications.  A draft or non-identical copy is a separate document within the meaning of this term.

2.     The term "**communication**" means any manner or form of information or message transmission, however produced or reproduced, whether by document or electronically stored information as herein defined, orally or otherwise, which is made, distributed or circulated

between or among persons or data storage or processing units, including, but not limited to, e-mails and/or instant messages, and all documents containing, consisting of, relating or referring to or recording, in any way, either directly or indirectly, a "communication." The term includes any conversation, discussion, meeting, conference or any other oral statement.

3. The term **"person"** includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entities, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

4. The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing, constituting or recording, in whole or in part.

5. The term **"compensation"** refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including, but not limited to, base salary, bonus or incentive compensation, tips or other gratuities, cash, common or restricted stock or shares, units or restricted units, restricted stock units, other equity or fixed income products or their derivatives, options, warrants or other financial products, and services, rights, entitlements or benefits of any kind.

6. The term **"e-mail"** shall include e-mails and instant messages as well as associated meta-data.

7. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

8. "Any" means "**all**," "**each and every**" and "**any one**."

9. For purposes of these Requests, the term **"Plaintiffs"** refers to Dana Byrne, Gale LaCava, John Conroy, Paul Cresti, Derrin Hawkins, Annette Ilagan, Roger Klein, Vladimir

Kvint, Kevin McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal Tomasiello and/or Brian Wong.

10.     For the purposes of these requests, the term **"RMJM"** refers to RMJM, Inc., RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc., RMJM Worldwide, Inc., and includes all predecessors, successors, affiliates, parents, subsidiaries, related companies and agents.

11.     For the purposes of these requests, the term **"Individual Defendants"** refers to Richard Bailes, Declan Thompson, Fraser Morrison and Peter Morrison.

12.     For the purposes of these Requests, the term **"Second Amended Complaint"** refers to the Second Amended Complaint dated February 8, 2013.

13.     For the purposes of these Requests, the term **"Answer"** refers to Defendants' Answer to Second Amended Complaint dated March 8, 2013.

14.     For the purposes of these Requests, the term **"NYLL Class Period"** refers to the period between November 9, 2006 and the present.

15.     For the purposes of these Requests, the term **"NYLL Class"** refers to all individuals employed by Defendants in their New York office during the NYLL Class Period.

16.     For the purposes of these Requests, the term **"IRC Class Period"** refers to the period between November 9, 2006 and the present.

17.     For the purposes of these Requests, the term **"IRC Class"** refers to all individuals employed by Defendants in their New York office during the IRC Class Period.

18.     For the purposes of these Requests, the term **"ERISA Class"** refers to all persons employed by Defendants in rheir New York office who were subjected to Defendants' breach of fiduciary obligations under the Employee Retirement Income Security Act ("ERISA").

19.     For the purposes of these Requests, the term **"New York Common Law Class"** refers to all persons employed by Defendants in their New York office who were subjected to Defendants' contract breaches and intentional, reckless and/or negligent conduct with regard to fraudulent misrepresentations, omissions and/or promises regarding the payment of wages, benefits and employee elective deferrals, and the status of their benefit plans and 401(k) plans.

20.     For the purposes of these Requests, the term **"Putative Plaintiffs"** refers to the NYLL, IRC, ERISA and New York Common Law Classes, together.

21.     The singular includes the plural, and vice versa.

## DOCUMENT REQUESTS

1.     All documents, ESI and/or communications concerning any allegation in the Second Amended Complaint.

2.     All documents, ESI and/or communications constituting the complete personnel files of Plaintiffs and/or the Putative Plaintiffs.

3.     All documents, ESI and/or communications concerning Plaintiffs' work performance including, but not limited to, any praise, disciplines, counseling, complaints, warnings, and/or reprimands issued to Plaintiffs and/or the Putative Plaintiffs.

4.     All documents, ESI and/or communications concerning the decisions to hire each Plaintiff and/or Putative Plaintiff.

5.     All documents, ESI and/or communications concerning the length of each Plaintiff and Putative Plaintiff's employment with RMJM.

6.     All documents, ESI and/or communications that reflect the job titles of Defendants' employees throughout the NYLL Period, including, but not limited to, organizational charts and rosters.

7

7.     All documents, ESI and/or communications concerning the job title and duties of each Plaintiff and Putative Plaintiff, including, but not limited to, job descriptions.

8.     All documents, ESI and/or communications concerning any Plaintiff and/or Putative Plaintiff's separation from RMJM, including, but not limited to, any documents concerning the reason(s) for the separation and/or any meetings concerning same.

9.     All documents, ESI and/or communications identifying the name, last known address, telephone number and email address of each Putative Plaintiff.

10.     All documents, ESI and/or communications concerning Defendants' knowledge or awareness of the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL").

11.     All documents, ESI and/or communications concerning any exemptions from compliance with the FLSA and/or NYLL awarded to Defendants.

12.     All documents, ESI and/or communications concerning the terms and conditions or the employment of each Plaintiff and/or Putative Plaintiffs, including, but not limited to, policies, practices, handbooks, contracts, agreements and/or offer letters.

13.     All documents, ESI and/or communications concerning the terms of compensation of each Plaintiff and/or Putative Plaintiff.

14.     All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Dana Byrne in exchange for her work and services as admitted in paragraph 81 of Defendants' Answer.

15.     All documents, ESI and/or communications concerning the compensation, including wages, benefits and wage supplements offered by Defendants to Gale LaCava in exchange for her work and services as admitted in paragraph 119 of Defendants' Answer.

16.     All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to John Conroy in exchange for his work and services as admitted in paragraph 189 of Defendants' Answer.

17.     All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Paul Cresti in exchange for his work and services as admitted in paragraph 259 of Defendants' Answer.

18.     All documents, ESI and/or communications concerning the compensation, including wages and accrued paid vacation offered by Defendants to Derrin Hawkins in exchange for his work and services as admitted in paragraph 324 of Defendants' Answer.

19.     All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Annette Ilagan in exchange for her work and services as admitted in paragraph 348 of Defendants' Answer.

20.     All documents, ESI and/or communications concerning the Defendants' denial, in paragraph 405 of their Answer, that Defendants offered Roger Klein a written employment contract which included a purported base salary of $225,000, and other compensation, in exchange for his work and services.

21.    All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Vladimir Kvint in exchange for his work and services as admitted in paragraph 476 of Defendants' Answer.

22.    All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Kevin McCausland in exchange for his work and services as admitted in paragraph 544 of Defendants' Answer.

23.    All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Brian Meneghin in exchange for his work and services as admitted in paragraph 614 of Defendants' Answer.

24.    All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Jamie Palazzolo in exchange for his work and services as admitted in paragraph 722 of Defendants' Answer.

25.    All documents, ESI and/or communications concerning the compensation, including wages, benefits and wage supplements offered by Defendants to Belinda Park in exchange for her work and services as admitted in paragraph 792 of Defendants' Answer.

26.    All documents, ESI and/or communications concerning the Defendants' denial, in paragraph 863 of their Answer, that Defendants offered Sean Roche a written employment contract which included a purported base salary of $150,000, and other compensation, in exchange for his work and services.

27.    All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Sal Tomasiello in exchange for his work and services as admitted in paragraph 918 of Defendants' Answer.

28.    All documents, ESI and/or communications concerning the compensation, including wages, benefits, accrued paid vacation and wage supplements offered by Defendants to Brian Wong in exchange for his work and services as admitted in paragraph 988 of Defendants' Answer.

29.    All documents, ESI and/or communications concerning any policies, practices, manuals, handbooks and/or procedures, formal or informal, applicable to Plaintiffs and/or the Putative Plaintiffs.

30.    All documents, ESI and/or communications sufficient to identify the individuals involved in the creation, implementation and/or enforcement of Defendants' policies, practices, manuals, handbooks and/or procedures.

31.    All documents, ESI and/or communications concerning Defendants' policies, practices, manuals, handbooks and/or procedures, formal or informal, regarding time keeping and tracking applicable to Plaintiffs and/or the Putative Plaintiffs.

32.    All documents, ESI and/or communications concerning the hours worked by Plaintiffs and/or the Putative Plaintiffs.

33.    All documents, ESI and/or communications concerning any contract(s) between, on the one hand, any Plaintiff and/or Putative Plaintiff and, on the other hand, any Defendant(s).

34.    All documents, ESI and/or communications concerning each Plaintiff and Putative Plaintiff's compensation, including, but not limited to, payroll records, earnings

statements, pay stubs, Form W-2s, and any other documents concerning compensation paid to or retained by Plaintiffs and/or Putative Plaintiffs.

35.     All documents, ESI and/or communications concerning Defendants' policies, practices, manuals, handbooks or procedures, formal or informal, regarding Plaintiffs and/or the Putative Plaintiffs' compensation and entitlement to compensation, as well as the terms and conditions of its payment.

36.     All documents, ESI and/or communications concerning any statements made by any Defendant to any Plaintiff and/or Putative Plaintiff related to the payment of any wages and the timing of any wage payments.

37.     All documents, ESI and/or communications reflecting the amount and frequency of compensation paid to Plaintiffs and/or the Putative Plaintiffs, including all notices prepared pursuant to New York Labor Law § 195.

38.     All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of any compensation to Plaintiffs and/or the Putative Plaintiffs.

39.     All documents, ESI and/or communications between Defendants and their payroll administrator.

40.     All documents, ESI and/or communications concerning Defendants' payment, late payment and/or non-payment of overtime compensation to Plaintiffs and/or the Putative Plaintiffs.

41.     All documents, ESI and/or communications concerning the reasons for any late payment and/or non-payment of any compensation or overtime compensation to Plaintiffs and/or the Putative Plaintiffs.

42.     All documents, ESI and/or communications sufficient to identify the individuals involved in the payment, late payment or non-payment of compensation to Plaintiffs and/or the Putative Plaintiffs.

43.     All documents, ESI and/or communications concerning Defendants' policies, practices, manuals, handbooks or procedures, formal or informal, regarding any benefit RMJM purports or purported to provide to Plaintiffs and/or the Putative Plaintiffs, including, but not limited to, health, dental and life insurance premium payments and/or contributions.

44.     All documents, ESI and/or communications concerning any statements made by any Defendant to any Plaintiff and/or Putative Plaintiff related to any benefit RMJM purports or purported to provide to Plaintiffs and/or the Putative Plaintiffs, including, but not limited to, health, dental and life insurance premium payments and/or contributions, as well as any statements concerning the timing of the provision of any such benefits.

45.     All documents, ESI and/or communications concerning Defendants' provision, late provision or non-provision of any benefit to Plaintiffs and/or the Putative Plaintiffs, including but not limited to health, dental and life insurance premiums.

46.     All documents, ESI and/or communications concerning the reasons for any late provision or non-provision of any benefit to Plaintiffs and/or the Putative Plaintiffs, including but not limited to health, dental and life insurance premiums.

47.     All documents, ESI and/or communications sufficient to identify the individuals involved in the decision to provide or not to provide Plaintiffs and/or the Putative Plaintiffs with any benefit of employment, including but not limited to health, dental and life insurance premiums.

48.    All documents, ESI and/or communications concerning the decisions regarding payment, late payment and/or non-payment of any health, dental or life insurance premiums on behalf of Plaintiffs or the Putative Plaintiffs.

49.    All documents, ESI and/or communications sufficient to identify the individuals involved in the decisions regarding payment, late payment and/or non-payment of any health, dental or life insurance premiums on behalf of Plaintiffs and/or the Putative Plaintiffs.

50.    All communications between Defendants and any entity providing Plaintiffs and/or Putative Plaintiffs with health, dental or life insurance.

51.    All documents, ESI and/or communications concerning the cancellation or nonpayment of any health, dental or life insurance plan purportedly provided by Defendants to Plaintiffs or the Putative Plaintiffs.

52.    All documents, ESI and/or communications concerning any notice provided to Plaintiffs and/or the Putative Plaintiffs that any health, dental or life insurance plan was cancelled or that premiums had not been timely paid.

53.    All documents, ESI and/or communications concerning any attempts on the part of Defendants to avoid the cancellation or nonpayment of any health, dental or life insurance plan purportedly provided by Defendants to Plaintiffs or the Putative Plaintiffs.

54.    All documents, ESI and/or communications concerning any attempts on the part of Defendants to reinstate any health, dental or life insurance plan purportedly provided by Defendants to Plaintiffs or the Putative Plaintiffs.

55.    All documents, ESI and/or communications concerning any requests for continuing coverage made by any Plaintiff and/or Putative Plaintiff.

14

56.     All documents, ESI and/or communications concerning the right to elect the continuation of coverage under Defendants' insurance policies.

57.     All documents, ESI and/or communications concerning Plaintiffs and/or the Putative Plaintiffs' entitlement to make 401(k) employee elective deferrals and/or receive any matching funds from RMJM.

58.     All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of 401(k) employee elective deferrals with regard to Plaintiffs and/or the Putative Plaintiffs.

59.     All documents, ESI and/or communications between Defendants and 401(k) plan administrator.

60.     All documents, ESI and/or communications between Defendants and 401(k) record keeper.

61.     All documents, ESI and/or communications concerning any statements made by any Defendant to any Plaintiff and/or Putative Plaintiff related to any 401(k) plan offered or purportedly offered by Defendants.

62.     All documents, ESI and/or communications concerning the reasons for any late payment and/or non-payment of 401(k) employee elective deferrals with regard to Plaintiffs and/or the Putative Plaintiffs.

63.     All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of matching funds, related to 401(k) employee elective deferrals, with regard to Plaintiffs and/or the Putative Plaintiffs.

64.     All documents, ESI and/or communications concerning the reasons for any late payment and/or non-payment of matching funds, related to 401(k) employee elective deferrals, with regard to Plaintiffs and/or the Putative Plaintiffs.

65.     All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of 401(k) employee elective deferrals and matching funds.

66.     All documents, ESI and/or communications concerning Plaintiffs and/or the Putative Plaintiffs' entitlement to severance pay and/or benefits from Defendants.

67.     All documents, ESI and/or communications concerning any statements made by any Defendant to any Plaintiff and/or Putative Plaintiff related to the provision of severance pay and/or benefits, as well as any statements concerning the timing of the provision of severance pay and/or benefits.

68.     All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of severance pay and/or benefits to Plaintiffs and/or the Putative Plaintiffs.

69.     All documents, ESI and/or communications concerning the reasons for any late payment and/or non-payment of severance pay and/or benefits to Plaintiffs and/or the Putative Plaintiffs.

70.     All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of severance pay and/or benefits to Plaintiffs and/or the Putative Plaintiffs.

71.     All documents, ESI and/or communications concerning Plaintiffs and/or the Putative Plaintiffs' entitlement to reimbursement for unused vacation days.

72.     All documents, ESI and/or communications concerning any statements made by any Defendant to any Plaintiff and/or Putative Plaintiff related to reimbursement for unused vacation days, as well as any statements concerning the timing of reimbursement for unused vacation days.

73.     All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of reimbursement to Plaintiffs and/or the Putative Plaintiffs for unused vacation days.

74.     All documents, ESI and/or communications concerning the reasons for the late payment and/or non-payment of reimbursement to Plaintiffs and/or the Putative Plaintiffs for unused vacation days.

75.     All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of reimbursement to Plaintiffs and/or the Putative Plaintiffs for unused vacation days.

76.     All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of reimbursements to Plaintiffs and/or the Putative Plaintiffs for expenses, including, but not limited to, any wire transfer fees.

77.     All expense reports submitted by Plaintiffs and/or the Putative Plaintiffs.

78.     All documents, ESI and/or communications concerning any statements made by any Defendant to any Plaintiff and/or Putative Plaintiff related to reimbursements to Plaintiffs and/or the Putative Plaintiffs for expenses, including, but not limited to, any wire transfer fees, as well as any statements concerning the timing of such expense reimbursements.

79. All documents, ESI and/or communications concerning the reasons for the late payment and/or non-payment of reimbursements to Plaintiffs and/or the Putative Plaintiffs for expenses, including, but not limited to, any wire transfer fees.

80. All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of reimbursements to Plaintiffs and/or the Putative Plaintiffs for expenses, including, but not limited to, any wire transfer fees.

81. All documents, ESI and/or communications concerning any wire transfer fees incurred by Plaintiffs and/or the Putative Plaintiffs related to Defendants' payment of compensation.

82. All documents, ESI and/or communications concerning any compensation to paid to Plaintiffs and/or Putative Plaintiffs via wire transfer, including documents sufficient to identify the dates and amounts of such transfers.

83. All documents, ESI and/or communications concerning Plaintiffs and/or the Putative Plaintiffs' entitlement to any retention bonuses.

84. All documents, ESI and/or communications concerning any statements made by any Defendant to any Plaintiff and/or Putative Plaintiff related to any retention bonuses, as well as any statements concerning the timing of any retention bonus.

85. All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of any retention bonuses to Plaintiffs and/or the Putative Plaintiffs.

86. All documents, ESI and/or communications concerning the reasons for any late payment and/or non-payment of any retention bonuses to Plaintiffs and/or the Putative Plaintiffs.

87.    All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of any retention bonuses to Plaintiffs and/or the Putative Plaintiffs.

88.    All documents, ESI and/or communications concerning any plan or consideration on the part of any Defendant to bring a lawsuit, counter-claim and/or cross-claim against any Plaintiff or Putative Plaintiff.

89.    All documents and/or communications concerning the formation of each corporate Defendant, including, but not limited to, their articles of incorporation or formation, charters, certificates of incorporation, by-laws and/or any other documents relating to their establishment and/or ownership.

90.    All documents, ESI and/or communications concerning the corporate structure of, and relationship between or among, the corporate Defendants, including, but not limited to, organizational charts, shareholder agreements, corporate charters, by-laws and documents identifying all parents, subsidiaries, divisions, affiliates, joint ventures, alliances, associations and partnerships involving any of the corporate Defendants.

91.    Documents, ESI and/or communications sufficient to identify the shareholders, officers, directors, owners, managers, members and/or partners of the corporate Defendants from November 9, 2006 through the present.

92.    All documents, ESI and/or communications concerning the operation, governance and management of the corporate Defendants, including, but not limited to, corporate minutes, resolutions, written consents and minutes of meetings between or among RMJM's directors and/or officers.

93.     All documents, ESI and/or communications concerning any common ownership or financial control between or among the corporate Defendants.

94.     All documents, ESI and/or communications concerning any common or shared personnel between or among the corporate Defendants, including, but not limited to, directors, officers, managers, supervisors, lawyers, employees and/or contractors.

95.     All documents, ESI and/or communications concerning any employees that have performed services for more than one of the corporate Defendants.

96.     All documents, ESI and/or communications concerning any interrelationship of the employment-related policies, practices and procedures between or among the corporate Defendants, including, but not limited to, common or shared pre-hire, personnel and/or employment related policies, forms, files correspondence, job descriptions, applications, questionnaires and other documentation, records or data.

97.     All documents, ESI and/or communications concerning any common or shared services between or among the corporate Defendants, including, but not limited to, insurance coverage, management services, human resources services, legal services, accounting services, bookkeeping services, internet and social media websites.

98.     All documents, ESI and/or communications concerning any common, shared or co-mingled accounts receivable, accounts payable or payroll between or among the corporate Defendants.

99.     Documents, ESI and/or communications sufficient to identify each and every entity owned in whole or part, operated and/or controlled by, and/or related in any way to, any Defendant ("Related Entities").

100.    All documents, ESI and/or communications concerning any interrelationship of the employment-related policies, practices and procedures between any Defendant and any Related Entity, including, but not limited to, common or shared pre-hire, personnel and/or employment related policies, forms, files correspondence, job descriptions, applications, questionnaires and other documentation, records or data.

101.    All documents, ESI and/or communications concerning any common or shared services between any Defendant and any Related Entity, including, but not limited to, insurance coverage, management services, human resources services, legal services, accounting services, bookkeeping services, internet and social media websites.

102.    All documents, ESI and/or communications concerning any common, shared or co-mingled accounts receivable, accounts payable or payroll between any Defendant and any Related Entity.

103.    All documents, ESI and/or communications concerning the annual profits and losses of any Related Entity.

104.    All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of any compensation to any individuals employed by any Related Entity.

105.    All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of overtime compensation to any individuals employed by any Related Entity.

106.    All documents, ESI and/or communications sufficient to identify the individuals involved in the payment, late payment or non-payment of compensation to any individuals employed by any Related Entity.

107.    All documents, ESI and/or communications concerning the provision, late provision or non-provision of any benefit to any individuals employed by any Related Entity, including but not limited to health, dental and life insurance premiums.

108.    All documents, ESI and/or communications sufficient to identify the individuals involved in the decision to provide or not to provide any individuals employed by any Related Entity with any benefit of employment, including but not limited to health, dental and life insurance premiums.

109.    All documents, ESI and/or communications concerning the decisions regarding payment, late payment and/or non-payment of any health, dental or life insurance premiums on behalf of any individuals employed by any Related Entity.

110.    All documents, ESI and/or communications sufficient to identify the individuals involved in the decisions regarding payment, late payment and/or non-payment of any health, dental or life insurance premiums on behalf of any individuals employed by any Related Entity.

111.    All documents, ESI and/or communications concerning the entitlement of any individual employed by any Related Entity to make deferrals into any 401(k) or similar retirement account, and/or to receive any matching funds from RMJM.

112.    All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of 401(k) or similar retirement account employee elective deferrals with regard to any individuals employed by any Related Entity.

113.    All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of matching funds, related to 401(k) or similar retirement account employee elective deferrals, with regard to any individuals employed by any Related Entity.

114.    All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of 401(k) or similar retirement account employee elective deferrals and matching funds with regard to any individuals employed by any Related Entity.

115.    All documents, ESI and/or communications concerning the entitlement of any individual employed by any Related Entity to severance pay and/or benefits.

116.    All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of severance pay and/or benefits to any individuals employed by any Related Entity.

117.    All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of severance pay and/or benefits to any individuals employed by any Related Entity.

118.    All documents, ESI and/or communications concerning the entitlement of any individual employed by any Related Entity to reimbursement for unused vacation days.

119.    All documents, ESI and/or communications concerning the payment, late payment and/or non-payment of reimbursement to any individuals employed by any Related Entity for unused vacation days.

120.    All documents, ESI and/or communications sufficient to identify the individuals involved in decisions regarding the payment, late payment and/or non-payment of reimbursement to any individuals employed by any Related Entity for unused vacation days.

121.    All documents, ESI and/or communications concerning any insurance plan or policy applicable or potentially applicable to any of the claims brought against Defendants in the Complaint and/or Amended Complaint, including, but not limited to, copies of any such policies.

122.    Any documents, ESI and/or communications by, between or amongst any shareholder, officer, director, manager, employee and/or agent of Defendants concerning the filing of, and/or allegations contained in, the Amended Complaint, including, but not limited to, any e-mails sent between or among Defendants' shareholders, officers, directors, managers, employees and/or agents to anyone, as well as any notes taken concerning same.

123.    All documents, ESI and/or communications concerning any complaints regarding the payment and/or non-payment of any compensation or benefits to any Plaintiff and/or Putative Plaintiffs, including, but not limited to, informal and formal internal complaints, as well as any lawsuits or administrative proceedings filed against Defendants.

124.    All documents, ESI and/or communications concerning Defendants' response and any actions taken in response to any such complaints.

125.    All documents, ESI and/or communications between or amongst any shareholder, officer, director, manager, employee and/or agent of Defendants regarding any compensation and/or benefit owed to any Plaintiff and/or Putative Plaintiff.

126.    All documents, ESI and/or communications between, on the one hand, any shareholder, officer, director, manager, employee and/or agent of Defendants and, on the other, any Plaintiff and/or Putative Plaintiff, regarding compensation and/or benefits, including, but not limited to, communications concerning the late or non-payment of any compensation and/or benefits.

127.    All documents, ESI and/or communications concerning any policies, practices, manuals, handbooks or procedures, formal or informal, regarding any deductions made from the compensation of any Plaintiff and/or Putative Plaintiff, including, but not limited to, any written and signed authorizations related to any such deductions.

128.    All documents, ESI and/or communications concerning any wage statements and/or pay stubs provided by Defendants to any Plaintiff and/or Putative Plaintiff.

129.    All wage statements and/or pay stubs provided by Defendants to any Plaintiff and/or the Putative Plaintiff.

130.    All documents, ESI and/or communications concerning any Form W2s provided by Defendants to any Plaintiff and/or the Putative Plaintiff.

131.    All Form W2s provided by Defendants to any Plaintiff and/or Putative Plaintiff.

132.    All documents, ESI and/or communications concerning Defendants' provision of information returns, directly or through an agent or any other person or medium, to the Internal Revenue Service ("IRS").

133.    All information returns, concerning Plaintiff and/or any Putative Plaintiff, provided by Defendants to the IRS, directly or through an agent or any other person or medium.

134.    All documents, ESI and/or communications between or among Defendants and the IRS regarding payments made or not made to any Plaintiff and/or any Putative Plaintiff.

135.    All documents, ESI and/or communications between or among Defendants and the IRS regarding and benefits and/or wage supplements provided or not provided to any Plaintiff and/or any Putative Plaintiff, including Defendants' payment or non-payment of any insurance premiums on behalf of any Plaintiff and/or Putative Plaintiff.

136.    All documents, ESI and/or communications concerning Defendants' reporting to the IRS with respect to compensation and/or benefit paid or provided to, or not paid or provided to, any Plaintiff and/or Putative Plaintiff.

137.    All documents, ESI and/or communications concerning all federal and state tax records for Plaintiffs and/or Putative Plaintiff.

138. All documents, ESI and/or communications sent by Defendants to the IRS concerning Defendants' profits.

139. All documents, ESI and/or communications concerning all federal and state tax records for Defendants, including, but not limited to, all returns, schedules, worksheets, Form 1040s, K-1s, or other tax documents identifying revenues, sales, payments and/or compensation received by Defendants.

140. All documents, ESI and/or communications concerning the financial condition of RMJM, including documents concerning profits, revenues, expenses, debts, bank accounts, investment accounts, etc.

141. All documents, ESI and/or communications concerning the annual profits and losses of the corporate Defendants from 2009 through the present.

142. All documents, ESI and/or communications concerning any asset owned by Defendants.

143. All documents, ESI and/or communications concerning any asset owned by Defendants and presently located in the United States.

144. All documents, ESI and/or communications concerning any asset owned by Defendants and located in the United States as of November 1, 2012.

145. All documents, ESI and/or communications concerning the income of the individual Defendants from 2009 through the present.

146. All documents, ESI and/or communications concerning any of the individual Defendants' bank account(s).

147. All documents, ESI and/or communications concerning any of the individual Defendants' bank account(s) in the United States.

148.   All documents, ESI and/or communications concerning any of the individual Defendants' real property.

149.   All documents, ESI and/or communications concerning any of the individual Defendants' real property in the United States.

150.   All documents, ESI and/or communications concerning any of the individual Defendants' property.

151.   All documents, ESI and/or communications concerning any of the individual Defendants' property in the United States.

152.   All documents, ESI and/or communications concerning any reductions in force implemented by Defendants from 2006 through the present.

153.   All documents, ESI and/or communications concerning the reasons for any reductions in force implemented by Defendants from 2006 through the present.

154.   All documents, ESI and/or communications concerning any exit interviews given by any Plaintiff and/or Putative Plaintiff.

155.   All documents, ESI and/or communications concerning any benefit summaries provided to any Plaintiff and/or Putative Plaintiff at or near the time of their separation from Defendants.

156.   All documents, ESI and/or communications concerning any communications between on the one hand, any Plaintiff and/or Putative Plaintiff and, on the other hand, Defendants, concerning any benefit summaries provided to any Plaintiff and/or Putative Plaintiff.

157.   All documents, ESI and/or communications concerning any calculations of monies owed to any Plaintiff(s) and/or Putative Plaintiff(s).

158.    All documents, ESI and/or communications concerning any calculations of benefits owed to any Plaintiff(s) and/or Putative Plaintiff(s).

159.    All documents, ESI and/or communications concerning any communications between on the one hand, any Plaintiff and/or Putative Plaintiff and, on the other hand, Defendants, concerning any monies owed to any Plaintiff and/or Putative Plaintiff.

160.    All documents, ESI and/or communications concerning any accrued and/or unused vacation or sick leave with regard to any Plaintiff and/or Putative Plaintiff, including, but not limited to, any such documents provided to any Plaintiff and/or Putative Plaintiff at or near the time of their separation from Defendants.

161.    All documents, ESI and/or communications concerning any separation agreements provided to any Plaintiff and/or Putative Plaintiff, including both executed and unexecuted separation agreements.

162.    All documents, ESI and/or communications concerning any unemployment claims or proceedings related to any Plaintiff and/or Putative Plaintiff.

163.    All documents, ESI and/or communications concerning any thought or consideration by any Defendant related to declaring bankruptcy.

164.    Any documents concerning any audits or investigations by the United States Department of Labor and/or New York State Department of Labor and/or any other federal, state or local agency regarding the payment of wages and/or provision of benefits to Defendants' employees.

165.    All documents, ESI and/or communications concerning any audits or investigations by the IRS or any other federal, state or local agency regarding Defendants' reporting concerning the compensation or benefits provided to its employees.

166.    All documents, ESI and/or communications concerning any audits performed or reports or analysis prepared by any shareholder, officer, director, manager, employee and/or agent of Defendants, and/or any third-party, regarding Defendants' payment or provision of wages and benefits to its employees.

167.    All documents, ESI and/or communications concerning any other lawsuits that have been filed against Defendants.

168.    All documents, ESI and/or communications concerning any other lawsuits that have been filed against Defendants related to the non-payment or late payment of wages or benefits to Defendants' employees.

169.    All documents, ESI and/or communications concerning any other lawsuits that have been filed against any Related Entity concerning the non-payment or late payment of wages or benefits to any individual employed by any Related Entity.

170.    All documents, ESI and/or communications supporting or contradicting each and every one of the denials in Defendants' Answer.

171.    All documents, ESI and/or communications supporting or contradicting each and every affirmative defense raised in Defendants' Answer.

172.    All documents, ESI and/or communications supporting the contention in paragraph 1171 of the Answer that Defendants had no intention to violate any provision of the FLSA and/or NYLL.

173.    All documents, ESI and/or communications supporting the contention in paragraph 1172 of the Answer that Plaintiffs and the Putative Plaintiffs were exempt for all or part of their employment from the overtime and/or minimum wage pay requirements of the FLSA and NYLL.

174.    All documents, ESI and/or communications supporting the contention in paragraph 1180 of the Answer that Plaintiffs and the Putative Plaintiffs are or were exempt under the FLSA and NYLL.

175.    All documents, ESI and/or communications supporting the contention in paragraph 1183 of the Answer that each Plaintiff's conduct caused, directly or indirectly, any damages they or Putative Plaintiffs may have suffered.

176.    All documents, ESI and/or communications supporting the contention in paragraph 1185 of the Answer that Plaintiffs and Putative Plaintiffs' ERISA claims are barred, in whole or in part, for failure to exhaust administrative remedies.

177.    All documents, ESI and/or communications supporting the contention in paragraph 1193 of the Answer that the Court lacks personal jurisdiction over some or all of the Defendants.

178.    All documents, ESI and/or communications supporting the contention in paragraph 1194 of the Answer that the claims of Plaintiffs and Putative Plaintiffs are barred, in whole or part, by laches, waiver and estoppel.

179.    All documents, ESI and/or communications supporting the contention in paragraph 1200 of the Answer that, upon information and belief, some of all of Plaintiffs engaged in conduct detrimental to their employer's interest.

180.    All documents, ESI and/or communications concerning the documents identified in Defendants' Rule 26(a)(1) Initial Disclosures.

181.    All documents, ESI and/or communications used or relied upon by Defendants in responding to Plaintiffs' First Set of Interrogatories.

182.    All documents, ESI and/or communications with any individuals from whom Defendants have obtained or expect to obtain a written or oral statement regarding the facts, allegations and claims contained in the Amended Complaint.

183.    All documents, ESI and/or communications concerning Defendants' document destruction and/or document preservation policies, including, but not limited to, Defendants' efforts to ensure the preservation of documents relevant to this lawsuit.

184.    All documents, ESI and/or communications received in response to any subpoena or other request for information from or to any third party concerning the Amended Complaint.

185.    To the extent not already requested herein, all documents, ESI and/or communications Defendants reasonably believe may be introduced into evidence at trial and/or used at depositions.

Dated: May 10, 2013
       New York, New York

**THOMPSON WIGDOR LLP**

By: _____
       Douglas H. Wigdor
       David E. Gottlieb

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845
dwigdor@thompsonwigdor.com
dgottlieb@thompsonwigdor.com

*Counsel for Plaintiffs and Proposed Counsel for the*
*NYLL Class, the IRC Class, the ERISA Class and*
*New York Common Law Class*

31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
DANA BYRNE, GALE LaCAVA, JOHN CONROY,           :
PAUL CRESTI, DERRIN HAWKINS, ANNETTE            :
ILAGAN, ROGER KLEIN, VLADIMIR KVINT, KEVIN      :
McCAUSLAND, BRIAN MENEGHIN, STEVE               :
MYLENSKI, JAMIE PALAZZOLO, BELINDA PARK,        :
SEAN ROCHE, SAL TOMASIELLO, BRIAN WONG, on      :    Civil Action No. 12-civ-8203 (PKC)
behalf of themselves individually and on behalf of all other   :
similarly situated persons,                     :
                                                :
                              Plaintiffs,        :
                                                :
                v.                              :
                                                :
RMJM, INC.; RMJM GROUP, INC.; RMJM              :
HILLIER GROUP, INC.; RMJM HILLIER               :
WORLDWIDE, INC.; RMJM WORLDWIDE, INC.;          :
RICHARD BAILES; DECLAN THOMPSON; FRASER         :
MORRISON; and PETER MORRISON,                   :
                                                :
                              Defendants.        :
                                                :
------------------------------------------------------------------ x

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules of

the United States District Court for the Southern and Eastern Districts of New York ("Local

Civil Rules"), and all other relevant provisions thereof, Plaintiffs Dana Byrne, Gale LaCava,

John Conroy, Paul Cresti, Derrin Hawkins, Annette Ilagan, Roger Klein, Vladimir Kvint, Kevin

McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal

Tomasiello and Brian Wong (collectively, "Plaintiffs"), by and through undersigned counsel,

Thompson Wigdor LLP, hereby request that Defendants RMJM, Inc., RMJM Group, Inc.,

RMJM Hillier Group, Inc., RMJM Worldwide, Inc., Richard Bailes, Declan Thompson, Fraser

Morrison and Peter Morrison (collectively, "Defendants") answer the following interrogatories

separately and fully in writing, under oath, and serve their individual and separate answers upon

the undersigned counsel for Plaintiffs at the offices of Thompson Wigdor LLP, 85 Fifth Avenue,

New York, New York 10003.  Defendants' responses to Plaintiffs' First Set of Interrogatories

("Interrogatories") are due within thirty (30) days of the service of these Interrogatories upon

Defendants.  These Interrogatories should be read, interpreted and responded to in accordance

with the instructions and definitions set forth below as well as the Federal Rules of Civil

Procedure and the Local Civil Rules.  Plaintiffs reserve the right to serve supplemental

interrogatories at a later date.

## INSTRUCTIONS

1.      The following Interrogatories shall be continuing in nature to the fullest extent

permitted by law.  Accordingly, if subsequent to serving an answer to any Interrogatory, or any

part thereof, Defendants or any other person acting for or on Defendants' behalf obtains or

becomes aware of additional information pertaining to such Interrogatory, Defendants are

required to provide such information, by way of supplemental answers, which will augment or

otherwise modify the previous answer.  Such supplemental responses are to be made and served

upon Plaintiffs within ten (10) days after Defendants receive or become aware of such

information or documents, but no later than one (1) week prior to the date of any trial or hearing

in this action.

2.      In furnishing answers to these Interrogatories, Defendants must provide all

information which is available, including information in the possession, custody or control of

Defendants, their attorneys, investigators, and/or anyone else acting on Defendants' behalf, and

not merely such information held by Defendants on the basis of personal knowledge.  Each

answer is to be made separately and fully.  An incomplete or evasive answer will be considered a

failure to answer.  If after exercising due diligence to secure the information, Defendants cannot answer in full any one of the following Interrogatories, Defendants should expressly indicate so, answer to the extent possible, specifying Defendants' inability to answer the remainder of the Interrogatory and stating the name of any person(s) who may have additional knowledge or information to complete the response.

3.     Each Interrogatory may be answered in whole or in part by specifying documents in sufficient detail to allow Plaintiffs to locate and identify the documents and to ascertain the answer as readily as could Defendants.

4.     The full text of the interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

5.     Should Defendants object to an Interrogatory in whole or in part, state the particular Interrogatory to which Defendants object and the precise grounds for the objection in sufficient detail to allow Plaintiffs to evaluate and respond to the objection and, if necessary, the Court to rule on the objection.

6.     These Interrogatories should be read, interpreted and responded to in accordance with the definitions set forth and the detail required by the Federal Rules of Civil Procedure and Local Civil Rules.

7.     With respect to any document or communication required to be identified by any of the following Interrogatories that you presently contend you are not required to disclose because of any claim of privilege, immunity or work product, Defendants shall provide a statement of the nature of the privilege or immunity asserted and any information required by Local Rule 26.2.

8.    To the extent that you believe any Interrogatory herein calls for any information that is subject to a claim of privilege or immunity from disclosure, (i) answer so much of each such Interrogatory and each part thereof that does not request, in your view, allegedly privileged or immune information, and (ii) set forth the basis for your claim of privilege or immunity with respect to the information that you refuse to provide.

9.    To the extent an Interrogatory requests identification of a person, please provide: (i) full name, together with any aliases or nicknames, (ii) present address or, if unknown, the last known address and the date when such person is last known or believed to have resided at that address, (iii) present telephone numbers or, if unknown, last known telephone numbers, (iv) present email addresses or, if unknown, last known email addresses, and (v) present employer or, if unknown, last known employer.

9.    Unless otherwise stated, Defendants shall supply responses concerning the time period of June 1, 2006 to the present.

## DEFINITIONS

1.    The terms "**documents**" and "**electronically stored information**" are defined to be synonymous in meaning and equal in scope to the usage of these terms in Federal Rule of Civil Procedure 34(a), including, without limitation, data or data compilation stored in any medium.  The term document encompasses all communications.  A draft or non-identical copy is a separate document within the meaning of this term.

2.    The term "**communication**" means any manner or form of information or message transmission, however produced or reproduced, whether by document or electronically stored information as herein defined, orally or otherwise, which is made, distributed or circulated between or among persons or data storage or processing units, including, but not limited to, e-

mails and/or instant messages, and all documents containing, consisting of, relating or referring to or recording, in any way, either directly or indirectly, a "communication." The term includes any conversation, discussion, meeting, conference or any other oral statement.

3.      The term **"person"** includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entities, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

4.      The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing, constituting or recording, in whole or in part.

5.      The term **"compensation"** refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including, but not limited to, base salary, bonus or incentive compensation, tips or other gratuities, cash, common or restricted stock or shares, units or restricted units, restricted stock units, other equity or fixed income products or their derivatives, options, warrants or other financial products, and services, rights, entitlements or benefits of any kind.

6.      The term **"e-mail"** shall include e-mails and instant messages as well as associated meta-data.

7.      The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

8.      "Any" means "all," **"each and every"** and "**any one**."

9.      For purposes of these Requests, the term **"Plaintiffs"** refers to Plaintiffs Dana Byrne, Gale LaCava, John Conroy, Paul Cresti, Derrin Hawkins, Annette Ilagan, Roger Klein,

Vladimir Kvint, Kevin McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal Tomasiello and Brian Wong.

10.   For the purposes of these requests, the term **"RMJM"** refers to RMJM, Inc., RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc., RMJM Worldwide, Inc., and includes all predecessors, successors, affiliates, parents, subsidiaries, related companies and agents.

11.   For the purposes of these requests, the term **"Individual Defendants"** refers to Richard Bailes, Declan Thompson, Fraser Morrison and Peter Morrison.

12.   For the purposes of these requests, the term **"Defendants"** refers to Defendants RMJM, Inc., RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Worldwide, Inc., Richard Bailes, Declan Thompson, Fraser Morrison and Peter Morrison

13.   For the purposes of these Requests, the term **"Complaint"** refers to the Complaint filed by Plaintiffs on November 9, 2012.

14.   For the purposes of these Requests, the term **"Amended Complaint"** refers to the Complaint filed by Plaintiffs on January 4, 2013.

15.   For the purposes of these Requests, the term **"Second Amended Complaint"** refers to the Complaint filed by Plaintiffs on February 8, 2013.

16.   For the purposes of these Requests, the term **"NYLL Class Period"** refers to the period between November 9, 2006 and the present.

17.   For the purposes of these Requests, the term **"NYLL Class"** refers to all individuals employed by Defendants in their New York office during the NYLL Class Period.

18.   For the purposes of these Requests, the term **"IRC Class Period"** refers to the period between November 9, 2006 and the present.

19. For the purposes of these Requests, the term **"IRC Class"** refers to all individuals employed by Defendants in their New York office during the IRC Class Period.

20. For the purposes of these Requests, the term **"ERISA Class"** refers to all persons employed by Defendants in rheir New York office who were subjected to Defendants' breach of fiduciary obligations under the Employee Retirement Income Security Act ("ERISA").

21. For the purposes of these Requests, the term **"New York Common Law Class"** refers to all persons employed by Defendants in their New York office who were subjected to Defendants' contract breaches and intentional, reckless and/or negligent conduct with regard to fraudulent misrepresentations, omissions and/or promises regarding the payment of wages, benefits and employee elective deferrals, and the status of their benefit plans and 401(k) plans.

22. For the purposes of these Requests, the term **"Putative Plaintiffs"** refers to the NYLL, IRC, ERISA and New York Common Law Classes, together.

23. The singular includes the plural, and vice versa.

## INTERROGATORIES

1. Identify each and every person employed by Defendants in their New York office during the NYLL Class Period. For each individual, provide the individual's (a) name; (b) last known address; (c) telephone number; (d) dates of employment; (e) email address, (f) location(s) of employment with Defendants, and (g) terms of compensation while employed at Defendants.

2. Identify each and every person Defendants believe have knowledge or information concerning the allegations in the Complaint, Amended Complaint and/or Second Amended Complaint.

3.      Identify each and every person from whom Defendants, or anyone acting on Defendants' behalf, has taken or received a statement, either orally or in writing, concerning any allegations contained in Plaintiffs' Complaint, Amended Complaint and/or Second Amended Complaint, or any defense asserted in the Answer.

4.      Identify all persons with knowledge of the records maintained by Defendants concerning the payment, non-payment, and/or late payment of compensation and/or benefits (including but not limited to health, dental and life insurance premiums, accrued vacation pay, expenses and/or 401(k) employee elective deferrals or matching contributions) to or on behalf of Plaintiffs and/or Putative Class Members, stating with specificity for each person what type(s) of records of which he or she has knowledge.

5.      Identify each and every person Defendants believe have knowledge or information concerning Defendants' policies and/or practices concerning the payment, non-payment and/or late payment of employee compensation and/or benefits (including but not limited to health, dental and life insurance premiums, accrued vacation pay, expenses and/or 401(k) employee elective deferrals or matching contributions).

6.      Identify each and every person involved in the decision to pay and/or not pay compensation to Plaintiffs and/or Putative Class Members.

7.      Identify each and every person involved in the decision to pay and/or not pay health insurance premiums on behalf of Plaintiffs and/or Putative Class Members.

8.      Identify each and every person involved in the decision to pay and/or not pay dental insurance premiums on behalf of Plaintiffs and/or Putative Class Members.

9.      Identify each and every person involved in the decision to pay and/or not pay life insurance premiums on behalf of Plaintiffs and/or Putative Class Members.

10.     Identify each and every person involved in the decision to pay and/or not pay Plaintiffs and/or Putative Class Members' accrued vacation pay upon their departure from Defendants.

11.     Identify each and every person involved in the decision to pay and/or not pay Plaintiffs and/or Putative Class Members' expenses.

12.     Identify each and every person involved in the decision to pay and/or not pay Plaintiffs and/or Putative Class Members' 401(k) employee elective deferrals.

13.     Identify each and every entity providing health, dental and/or life insurance to Defendants' employees.

14.     Identify each and every employee or agent of Defendants who communicated with any health, dental and/or life insurance providers, as well as each and every person employed by such providers that communicated with Defendants concerning the payment, non-payment and/or late-payment of health, dental and/or life insurance premiums.

15.     Identify each and every entity involved in Defendants' 401(k) plan, including, but not limited to, any plan administrators, record keeper and/or entities holding, maintaining, servicing and/or managing 401(k) accounts.

16.     Identify each and every person who communicated with Defendants' 401(k) plan administrator, record keeper and/or entities holding, maintaining, servicing and/or managing 401(k) accounts regarding Defendants' payment or non-payment employee elective deferrals and/or matching contributions, as well as each and every person employed by any such entity that communicated with Defendants regarding same.

17.     Identify each and every individual or entity Defendants believe have knowledge concerning the process through which Defendants pay employees.

18.     Identify each and every individual or entity involved in processing Defendants' payroll.

19.     Identify each and every person involved in the preparation or distribution of wage statements and/or pay stubs concerning Plaintiffs and/or Putative Class Members.

20.     Identify each and every person involved in the provision of information returns (including but not limited to Form W-2s) to the Internal Revenue Service.

21.     Identify the person(s) responsible for ensuring compliance with the Internal Revenue Code.

22.     Identify each and every person who provided information used in responding to each of these interrogatories.


Dated: May 10, 2013
       New York, New York


                              **THOMPSON WIGDOR LLP**

                              By: _____
                                   Douglas H. Wigdor
                                   David E. Gottlieb

                              85 Fifth Avenue
                              New York, NY  10003
                              Telephone:  (212) 257-6800
                              Facsimile:  (212) 257-6845
                              dwigdor@thompsonwigdor.com
                              dgottlieb@thompsonwigdor.com

                              *Counsel for Plaintiffs and Proposed Counsel for the*
                              *NYLL Class, the IRC Class, the ERISA Class and*
                              *New York Common Law Class*


                                        10