Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DANA BYRNE, GALE LaCAVA, JOHN CONROY,
PAUL CRESTI, DERRIN HAWKINS, ANNETTE
ILAGAN, ROGER KLEIN, VLADIMIR KVINT,
KEVIN McCAUSLAND, BRIAN MENEGHIN,
STEVE MYLENSKI, JAMIE PALAZZOLO,
BELINDA PARK, SEAN ROCHE, SAL
TOMASIELLO, BRIAN WONG, on behalf of
themselves individually and on behalf of all other
similarly situated persons,

                          Plaintiffs,

       v.

RMJM, INC., RMJM GROUP, INC., RMJM
HILLIER GROUP, INC., RMJM HILLIER
WORLDWIDE, INC., RMJM WORLDWIDE, INC.,
RICHARD BAILES, DECLAN THOMPSON,
FRASER MORRISON and PETER MORRISON,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS' FIRST
SET OF REQUESTS
FOR THE PRODUCTION
<u>OF DOCUMENTS</u>**

12-cv-8203 (PKC)

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the April 10, 2013 Order of United States District Judge P. Kevin Castel, Defendants RMJM, INC., RMJM GROUP, INC., RMJM HILLIER GROUP, INC., RMJM HILLIER WORLDWIDE, INC., RMJM WORLDWIDE, INC., RICHARD BAILES, DECLAN THOMPSON, FRASER MORRISON and PETER MORRISON (hereinafter collectively referred to as "Defendants"), by and through their attorneys Bond, Schoeneck & King, PLLC, hereby request that the Plaintiffs produce for inspection and copying the documents identified below at the offices of Bond, Schoeneck & King, PLLC, 330 Madison Avenue, 39th Floor, New York, New York 10017, no later than thirty (30) days of the date hereof.

These requests shall be deemed continuing so as to require the filing of supplementary responses in the event that further or different information becomes known any time before the close of trial.

## DEFINITIONS

For purposes of this set of requests:

1.     The words "Plaintiffs", "Plaintiff" and "you" shall each mean Dana Byrne, Gale LaCava, John Conroy, Paul Cresti, Derrin Hawkins, Annette Ilagan, Roger Klein, Vladimir Kvint, Kevin McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal Tomasiello, Brian Wong, and any other individual that has opted-in as a plaintiff in this case, individually or collectively, their agent(s), attorney(s), representative(s), and any other person(s) acting, understood to act, or purporting to act on her behalf or under their direction or control.

2.     The words "Defendants" and "Defendant" shall mean RMJM, Inc., RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc., RMJM Worldwide, Inc., Richard Bailes, Declan Thompson, Fraser Morrison and Peter Morrison, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on their behalf or under their direction or control.

3.     The word "Complaint" shall mean the Second Amended Complaint filed by or on behalf of the Plaintiffs in the above-captioned action on or about February 8, 2013 with the United States District Court, Southern District of New York (ECF Document No. 24).

4.     The word "communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise.

99942.1

5.    The word "document" shall mean all types of recorded information or writings of any nature including, but not limited to, originals and copies of speeches, contracts, letters, e-mails, envelopes, telegrams, memoranda, routing slips, reports, studies, statements, computer printouts, pamphlets, pleadings, filings, work sheets, tabulations, records of meetings, records of conferences, records of telephone conversations, handwritten or typed notes, records, instruments, specifications, notebooks, diaries, logs, minutes, plans, drawings, sketches, graphs, diagrams, blueprints, micro-films, photostats, photographs, tape recordings, Facebook and other social media post, and doctors' notes which are in the possession of or known to Plaintiff. A draft or non-identical copy is a separate document within the meaning of the word "document." Any attachments and/or enclosures to the document are within the meaning of the word "document."

6.    The word "concerning" shall mean relating to, referring to, describing, evidencing, potentially evidencing, supporting, constituting, recording, containing, alluding to, responding to, commenting upon, mentioning, or characterizing, either directly or indirectly, in whole or in part.

## INSTRUCTIONS

1.    Pursuant to Federal Rule of Civil Procedure 34(b), documents should be organized and labeled to correspond with the categories in this request. If a document is responsive to more than one request, indicate all the requests to which it is responsive.

2.    All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

99942.1

3.     If Plaintiffs have possession, custody, or control of the originals of the documents requested, then the originals and all non-identical copies should be produced. If Plaintiff does not have possession, custody, or control of the originals, then one identical copy of the original, and all non-identical copies of each original should be produced.

4.     If Plaintiffs claim any document to be immune from discovery on the ground of privilege, provide a statement with regard to each such document setting forth:

    a.  the name and title of the author;

    b.  the name and title of the person to whom the document was addressed;

    c.  the name and titles of all persons to whom copies were sent;

    d.  the date of the document;

    e.  a brief description of the subject matter;

    f.   the nature of the claimed privilege; and

    g.  the paragraph to which the document is otherwise responsive.

5.     If Plaintiffs claim any document cannot be produced, specify the reason(s) why the document cannot be produced.

6.     If any document cannot be produced in full, produce the document to the extent possible, specifying the reason(s) why the remainder of the document cannot be produced.

7.     If a requested document(s) does not exist, state that the requested document(s) does not exist.

4

8.     If a requested document(s) once existed but does not currently exist, please state so and specify when the document(s) ceased to exist and the reason(s) why the document(s) ceased to exist.

9.     This request cover all documents, including electronically stored documents and information, in Plaintiffs' possession, custody, or control, and/or the possession, custody, or control of Plaintiffs' representative(s) and/or agent(s), including all documents and electronically stored information that Plaintiffs and/or their representative(s) and/or agent(s) have the ability to obtain, that are responsive, in whole or in part, to these Document Requests.

10.    If, after producing documents, Plaintiffs obtain or become aware of any further document(s) responsive to these requests, Plaintiffs are required to produce such additional documents immediately thereafter.

## DOCUMENTS TO BE PRODUCED

1.     Any and all documents concerning the employment and/or terms or conditions of employment of the Plaintiffs by the Defendants.

2.     Any and all written employment contracts between any of the Plaintiffs and any of the Defendants, including but not limited to the written employment contract referred to in Paragraphs 405, 406 and 863 of the Complaint.

3.     Any and all documents concerning any written employment contract between any of the Plaintiffs and any of the Defendants, including but not limited to any communication between the Plaintiffs and Defendants regarding such contract, and any negotiation by Plaintiffs and Defendants of the terms of such contract.

99942.1

4.      Any and all documents concerning any communication from Defendants offering employment to the Plaintiffs or negotiating the terms of employment with Plaintiffs

5.      Any and all documents concerning any communication from Plaintiffs to Defendants accepting an offer of employment from Defendants or negotiating the terms of employment with Defendants.

6.      Any and all documents, including but not limited to any communication between Plaintiffs and Defendants, concerning the Plaintiffs' compensation or terms of employment.

7.      Any and all documents concerning any promotion of any of the Plaintiffs, or increase or decrease in salary payable to any Plaintiff, including but not limited to any communication between Plaintiffs and Defendants.

8.      The writing referred to in Paragraph 865 of the Complaint.

9.      Any and all documents concerning the writing referred to in Paragraph 865 of the Complaint.

10.     Any employee handbook(s) in effect at any point during the six calendar years prior to the commencement of this lawsuit.

11.     Any and all documents concerning the Defendants alleged non-payment of wages to the Plaintiffs.

12.     Any and all documents concerning any communication to or among any employee, officer or representative of the Defendants about the Defendants alleged non-payment of wages to Plaintiffs.

6

99942.1

13.     Any and all documents concerning the availability of any amount of severance payable to Plaintiffs in the event that Plaintiffs separated from employment by the Defendants.

14.     Any and all documents concerning the payment of any amount of severance to Plaintiffs upon the Plaintiffs' separation from employment from Defendants.

15.     Any and all documents concerning the Plaintiffs' knowledge of and/or participation in any decision by the Defendants relating to the payment of any amount of severance to Plaintiffs upon the Plaintiffs' separation from employment from Defendants.

16.     Any and all documents concerning the Plaintiffs' knowledge of and/or participation in any decision by the Defendants relating to the payment of wages or non-payment of wages to Defendants' employees.

17.     Any and all documents concerning the Plaintiffs' knowledge of and/or participation in any decision by the Defendants relating to the payment of premiums to the group term life insurance plan and/or health or dental plan referred to in the Complaint.

18.     Any and all documents concerning the Plaintiffs' knowledge of and/or participation in any decision by the Defendants relating to the payment of elective deferrals to the 401(k) plan referred to in the Complaint.

19.     Any and all diaries, calendars, notes and/or journals maintained by Plaintiff for the time period, in whole or in part, of January 1, 2011 to the present.

7

20.     Any and all documents concerning the Plaintiffs' tasks, duties and/or responsibilities while employed by the Defendants.

21.     Any and all documents concerning the time that each of the Plaintiffs actually worked in their respective positions during the six years preceding the commencement of this lawsuit while employed by the Defendants including but not limited to any schedules, calendars, notebooks, or diaries.

22.     Any and all documents that record or indicate the date(s) of any paid or unpaid leave any of the Plaintiffs took during the six years preceding the commencement of this lawsuit while employed by the Defendants.

23.     Any and all documents that record or indicate any the time or length of any meal period(s) any of the Plaintiffs took during the six years preceding the commencement of this lawsuit while employed by the Defendants.

24.     Any and all documents concerning the quantity, type, and quality of work the Plaintiffs performed in their respective positions during their employment by the Defendants, including but not limited to job descriptions, work schedules, job assignments, job duties, promotion and transfer records, evaluations of your job performance, training materials, e-mail, notes, memoranda, or correspondence.

25.     Any and all documents concerning each of the Plaintiffs' attendance, sick time, absences, or tardiness or timeliness for any period during the six years preceding the commencement of this lawsuit while employed by the Defendants.

26.     Any and all documents received by the Plaintiffs from the Defendants during the course of their employment by Defendants or regarding their employment by

8

99942.1

Defendants, including but not limited to appointment/offer letters, handbooks, manuals, policy documents, orientation materials, and training materials.

27.    Any and all documents concerning any communication or application for employment submitted by any Plaintiff to inquire about or obtain employment by the Defendants.

28.    Any and all documents concerning your resume or curriculum vitae, including drafts, from the beginning of your employment with the Defendants to the present day.

29.    Any and all documents concerning any complaint any of the Plaintiffs made to any of the Defendants, or any employee or officer or representative of the Defendants, regarding Plaintiffs' employment, including but not limited to any complaint concerning Plaintiffs' compensation.

30.    Any and all documents, including but not limited to all correspondence sent by the Defendants to the Plaintiffs, related to the group term life insurance plan referred to in the Complaint.

31.    Any and all documents, including but not limited to all registrations, applications and correspondence sent by Plaintiffs to the Defendants related to the group term life insurance plan referred to in the Complaint.

32.    Any and all documents received by Plaintiffs from any third party regarding the group term life insurance plan referred to in the Complaint.

33.    Any and all correspondence or notes from tax preparers, accountants or other third parties related to the preparation of the plaintiffs' federal and state tax returns for the years at issue.

99942.1

34.     Any and all documents which indicate Plaintiffs' income (from any source) for the years ending December 31, 2010 to present, including but not limited to all federal, state, and local tax returns, along with all accompanying forms and schedules including W-2 forms and/or 1099 forms.

35.     Any and all documents, including but not limited to any computations, notes, correspondence and any other documents, related to additional taxes purportedly paid by Plaintiffs related to group term life insurance premiums for the group term life insurance policy referred to in the Complaint.

36.     Any and all pay stubs received by Plaintiffs from Defendants since January 1, 2011.

37.     Any and all documents concerning Plaintiffs' allegation that on or around mid-2011 Defendants stopped paying premiums for the group term life insurance policy referred to in the Complaint.

38.     Any and all documents concerning Plaintiffs' allegation that on or about September 1, 2011, the group term life insurance policy referred to in the Complaint was cancelled for nonpayment.

39.     Any and all documents concerning Plaintiffs' allegation that Defendants concealed from Plaintiffs the cancellation of the group term life insurance policy referred to in the Complaint.

40.     Any and all documents concerning Plaintiffs' allegation that Defendants misrepresented to Plaintiffs that premium payments continued to be made for the group term life insurance policy referred to in the Complaint after it was cancelled, including

99942.1

but not limited to, any wage statements indicating premium payment amounts during this period.

41.     Any and all documents concerning Plaintiffs' allegation that Defendants made misrepresentations and/or promises that Plaintiffs would be compensated, in part, by the payment of premiums for the group term life insurance policy referred to in the Complaint.

42.     Any and all documents concerning Plaintiffs' allegation that Plaintiffs were unable to convert their group term life insurance coverage to an individual policy, obtain a replacement policy, or otherwise take necessary actions to ensure continuation of life insurance coverage following the cancellation of the group term life insurance policy referred to in the Complaint.

43.     Any and all documents concerning any attempt made by Plaintiffs to secure other life insurance coverage after the group term life insurance policy referred to in the Complaint was allegedly cancelled.

44.     Any and all documents concerning life insurance coverage actually obtained by Plaintiffs after the group term life insurance policy referred to in the Complaint was allegedly cancelled.

45.     Any and all documents concerning the allegation that Plaintiffs relied upon Defendants' alleged misrepresentations, promises and/or omissions regarding the group term life insurance policy referred to in the Complaint by, among other things, continuing to work for Defendants.

99942.1

46.     Any and all documents concerning Plaintiffs' allegation that they suffered lapses in life insurance coverage as a result of the alleged cancellation of the group term life insurance policy referred to in the Complaint.

47.     Any and all documents concerning any claim made by Plaintiffs pursuant to the administrative claims procedures under the group term life insurance policy referred to in the Complaint as a result of the conduct alleged in the Complaint.

48.     Any and all documents concerning any monetary damages allegedly suffered by Plaintiffs as a result of the conduct alleged in the Complaint with respect to the group term life insurance policy.

49.     Any and all documents concerning any Defendants' status as a fiduciary with respect to the group term life insurance policy referred to in the Complaint.

50.     Any and all documents concerning the health and dental insurance plans referred to in the Complaint.

51.     Any and all documents concerning Plaintiffs' enrollment in the health and dental insurance plans referred to in the Complaint.

52.     Any and all documents concerning Plaintiffs' allegation that the health and dental insurance plans referred to in the Complaint were cancelled in or around December of 2011, including but not limited to, any notice of cancellation, or any other correspondence sent to Plaintiffs regarding the cancellation of such insurance plans.

53.     Any and all documents regarding any other health and dental coverage that Plaintiffs were enrolled in during the period in which coverage under the health and dental insurance plans referred to in the Complaint was allegedly cancelled.

99942.1

54.     Any and all documents concerning Plaintiffs' allegation that the Defendants intentionally concealed the nonpayment of premiums for the health and dental insurance plans referred to in the Complaint.

55.     Any and all documents concerning Plaintiffs' allegation that the Defendants intentionally concealed the cancellation of the health and dental insurance plans referred to in the Complaint.

56.     Any and all documents related to unpaid health and dental claims incurred by Plaintiffs during the period in which coverage under the health and dental insurance plans referred to in the Complaint was allegedly cancelled.

57.     Any and all documents concerning Plaintiffs' allegation that Defendants stopped payment of premiums for the health and dental insurance plans referred to in the Complaint during the period from September 2011 to January 2012.

58.     Any and all documents concerning Plaintiffs' allegation that Defendants continued to deduct monies from the Plaintiffs' pay for Health and Dental Plan premiums during the period from September 2011 to January 2012 including, but not limited to, wage statements that reflect such deductions.

59.     Any and all documents concerning Plaintiffs' allegation the Defendants made misrepresentations and/or promises that Plaintiffs would be compensated, in part, by Defendants' payment of premiums for the health and dental insurance plans referred to in the Complaint.

60.     Any and all documents concerning Plaintiffs' allegation that Defendants intentionally and/or affirmatively misrepresented to Plaintiffs that premiums for the

13

health and dental insurance plans referred to in the Complaint were paid during the time period Plaintiffs allege such coverage was cancelled.

61.     Any and all documents concerning Plaintiffs' allegation that the Defendants intentionally and/or affirmatively misrepresented to Plaintiffs that the health and dental insurance plans referred to in the Complaint were active at all times during the time period Plaintiffs allege such coverage was cancelled.

62.     Any and all documents concerning Plaintiffs' allegation that they were not notified of the termination of the health and dental insurance plans referred to in the Complaint.

63.     Any and all documents concerning the allegation that Plaintiffs relied upon Defendants' alleged misrepresentations, promises and/or omissions regarding the payment of premiums for the health and dental insurance plans referred to in the Complaint by, among other things, continuing to work for Defendants.

64.     Any and all documents concerning any claim made by Plaintiffs pursuant to the administrative claims procedures under the health and dental insurance plans referred to in the Complaint as a result of the conduct alleged in the Complaint.

65.     Any and all documents concerning any monetary damages allegedly suffered by Plaintiffs as a result of the conduct alleged in the Complaint with respect to the health and dental insurance plans referred to in the Complaint.

66.     Any and all documents concerning any Defendants' status as a fiduciary with respect to the health and dental insurance plans referred to in the Complaint.

67.     Any and all documents concerning the 401(k) plan referred to in the Complaint.

99942.1

68.     Any and all documents concerning Plaintiffs' enrollment in the 401(k) plan referred to in the Complaint.

69.     Any and all documents concerning Plaintiffs' allegation that Defendants failed to make contractually agreed upon payments with respect to employee elective deferrals to the 401(k) plan referred to in the Complaint.

70.     Any and all documents concerning Plaintiffs' allegation that Defendants failed to pay elective deferral amounts to the 401(k) plan referred to in the Complaint.

71.     Any and all documents concerning Plaintiffs' allegation that Defendants deducted monies from Plaintiffs' paychecks in the form of elective deferrals and/or did not timely contribute such amounts to the 401(k) plan referred to in the Complaint including, but not limited to, any wage statements indicating elective deferral amounts.

72.     Any and all documents concerning Plaintiffs' allegation that Defendants made representations and/or promises that Plaintiffs would be compensated, in part, by Defendants' payment of elective deferrals to the 401(k) plan referred to in the Complaint.

73.     Any and all documents concerning Plaintiffs' allegation that Defendants intentionally and/or affirmatively misrepresented to Plaintiffs that elective deferrals to the 401(k) plan referred to in the Complaint were being paid to such plan on a timely basis.

74.     Any and all documents concerning Plaintiffs' allegation that Defendants intentionally concealed the late payment of elective deferrals to the 401(k) plan referred to in the Complaint.

75.     Any and all documents concerning Plaintiffs' allegation that Defendants were not provided with the investments, investment opportunities, interest and/or other

99942.1

benefits that they would have been entitled to if Plaintiffs' elective deferrals to the 401(k) plan referred to in the Complaint were timely made.

76.     Any and all documents concerning the allegation that Plaintiffs relied upon Defendants' alleged misrepresentations, promises and omissions regarding the payment of elective deferrals to the 401(k) plan referred to in the Complaint by, among other things, continuing to work for Defendants.

77.     Any and all documents concerning Plaintiffs' investment elections under the 401(k) plan referred to in the Complaint during the period alleged by Plaintiffs that elective deferrals either were not made or were not timely made to such 401(k) plan.

78.     Any and all documents concerning Plaintiffs' status as participants in the 401(k) Plan as of the date the Complaint was filed.

79.     Any and all documents concerning any claim made by Plaintiffs pursuant to the administrative claims procedures under the 401(k) plan referred to in the Complaint as a result of the conduct alleged in the Complaint.

80.     Any and all documents concerning any monetary damages allegedly suffered by Plaintiffs as a result of the conduct alleged in the Complaint with respect to the 401(k) plan referred to in the Complaint.

81.     Any and all documents concerning any monetary damages allegedly suffered by Plaintiffs as a result of the conduct alleged in the Complaint.

82.     Any and all documents concerning any loss of earnings, other employment benefits, and/or job opportunities as a result of the conduct alleged in the Complaint.

83.    All documents mentioned by Plaintiffs in their Federal Rules of Civil Procedure, Rule 26 initial disclosures.

84.    Any and all documents concerning any communications, oral or written, between the Plaintiffs (or their counsel) and any federal or state agency or division, any other governmental authority or entity, or any member of the press, concerning the subject matter of this action, any of the claims asserted in this action, or the Defendants' compensation of employees, including but not limited to the communications themselves.

85.    Any and all documents concerning any agreement between the Plaintiffs and any attorney regarding the fees that the attorney is charging Plaintiffs for representing them in this lawsuit, including without limitation all documents concerning costs, fees, or attorney's fees that Plaintiffs have demanded be awarded to them in the Complaint.

86.    Any and all documents identified in Plaintiffs' response to Defendants' First Set of Interrogatories dated May 10, 2013.

87.    Any and all documents on which Plaintiffs relied or to which Plaintiffs referred in responding to Defendants' First Set of Interrogatories to dated May 10, 2013.

88.    Each and every document which Plaintiffs intend to utilize during a deposition of any of the Defendants.

89.    Each and every document which Plaintiffs intend to utilize during a deposition of any non-party witness in this action.

90.    Each and every document which Plaintiffs intend to utilize in connection with any dispositive motion and/or during a trial in this action.

17

99942.1

91.    Any and all documents concerning any of the allegations in the Complaint and not produced in response to a previous document request.

Dated:  Garden City, New York
        May 10, 2013

                                        BOND, SCHOENECK & KING, PLLC

                                        By: _____
                                            Jessica C. Satriano (JS0981)
                                            *Attorneys for Defendants*
                                            1399 Franklin Avenue, Suite 200
                                            Garden City, New York 11530
                                            (516) 267-6300; jsatriano@bsk.com

99942.1

PLEASE TAKE NOTICE THAT THE WITHIN IS A
(CERTIFIED) TRUE COPY OF A
ENTERED IN THE OFFICE OF THE
COUNTY CLERK ON        20
AT                      , NEW YORK

_____
               ATTORNEY

I, THE UNDERSIGNED, AN ATTORNEY ADMITTED TO PRACTICE
IN THE COURTS OF NEW YORK STATE HEREBY CERTIFY THAT
THE ANNEXED
HAS BEEN COMPARED BY ME WITH THE ORIGINAL AND IS A
TRUE AND COMPLETE COPY THEREOF.

_____
               ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DANA BYRNE, GALE LaCAVA, JOHN CONROY,
PAUL CRESTI, DERRIN HAWKINS, ANNETTE
ILAGAN, ROGER KLEIN, VLADIMIR KVINT,
KEVIN McCAUSLAND, BRIAN MENEGHIN,
STEVE MYLENSKI, JAMIE PALAZZOLO,
BELINDA PARK, SEAN ROCHE, SAL
TOMASIELLO, BRIAN WONG, on behalf of
themselves individually and on behalf of all other
similarly situated persons,

                    Plaintiffs,                    12-cv-8203 (PKC)

          v.

RMJM, INC., RMJM GROUP, INC., RMJM
HILLIER GROUP, INC., RMJM HILLIER
WORLDWIDE, INC., RMJM WORLDWIDE, INC.,
RICHARD BAILES, DECLAN THOMPSON,
FRASER MORRISON and PETER MORRISON,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANTS' FIRST SET OF REQUESTS
## FOR THE PRODUCTION OF DOCUMENTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DANA BYRNE, GALE LaCAVA, JOHN CONROY,
PAUL CRESTI, DERRIN HAWKINS, ANNETTE
ILAGAN, ROGER KLEIN, VLADIMIR KVINT,
KEVIN McCAUSLAND, BRIAN MENEGHIN,
STEVE MYLENSKI, JAMIE PALAZZOLO,
BELINDA PARK, SEAN ROCHE, SAL
TOMASIELLO, BRIAN WONG, on behalf of
themselves individually and on behalf of all other
similarly situated persons,

                         Plaintiffs,

      v.

RMJM, INC., RMJM GROUP, INC., RMJM
HILLIER GROUP, INC., RMJM HILLIER
WORLDWIDE, INC., RMJM WORLDWIDE, INC.,
RICHARD BAILES, DECLAN THOMPSON,
FRASER MORRISON and PETER MORRISON,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS'
FIRST SET OF
INTERROGATORIES**

12-cv-8203 (PKC)

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rules 26.1-

26.3, 26.5-26.7 and 33.1 of the Local Rules of the Southern and Eastern Districts of

New York, and the April 10, 2013 Order of United States District Judge P. Kevin Castel,

Defendants RMJM, INC., RMJM GROUP, INC., RMJM HILLIER GROUP, INC., RMJM

HILLIER WORLDWIDE, INC., RMJM WORLDWIDE, INC., RICHARD BAILES,

DECLAN THOMPSON, FRASER MORRISON and PETER MORRISON (hereinafter

collectively referred to as "Defendants"), by and through their attorneys Bond,

Schoeneck & King, PLLC, hereby request that Plaintiff produce sworn answers to the

below interrogatories at the offices of Bond, Schoeneck & King, PLLC, 330 Madison

99947.1

Avenue, 39th Floor, New York, New York 10017, no later than thirty (30) days of the date hereof.

## INSTRUCTIONS FOR ANSWERING

1.     These interrogatories are directed at Plaintiffs Dana Byrne, Gale LaCava, John Conroy, Paul Cresti, Derrin Hawkins, Annette Ilagan, Roger Klein, Vladimir Kvint, Kevin McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal Tomasiello, Brian Wong, and any other individual that has opted-in as a plaintiff in this case, individually or collectively, their agent(s), attorney(s), representative(s), and any other person(s) acting, understood to act, or purporting to act on her behalf or under their direction or control.

2.     In answering these interrogatories, you are required to obtain and furnish all information available to you and any of your representatives and/or agents, and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your attorneys, representatives, agents, and any other person(s) subject to your control.

3.     If you cannot answer any interrogatory in full, you must state, with specificity, the reason(s) why you cannot do so and the nature of the information or knowledge that you cannot provide in answering the interrogatory.

4.     Each interrogatory must be answered separately and fully in writing, under oath.

5.     If any interrogatory is objected to, you must state, with specificity, the reason(s) for your objection and answer the interrogatory to the extent it is not objectionable.

2

99947.1

6.    These interrogatories shall be deemed continuing so as to require the filing of supplementary responses in the event that further or different information becomes known at any time before the close of trial.

## DEFINITIONS

For purposes of this set of interrogatories:

1.    The words "Plaintiffs", "Plaintiff" and "you" shall each mean Dana Byrne, Gale LaCava, John Conroy, Paul Cresti, Derrin Hawkins, Annette Ilagan, Roger Klein, Vladimir Kvint, Kevin McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal Tomasiello, Brian Wong, and any other individual that has opted-in as a plaintiff in this case, individually or collectively, their agent(s), attorney(s), representative(s), and any other person(s) acting, understood to act, or purporting to act on her behalf or under their direction or control.

2.    The words "Defendants" and "Defendant" shall mean RMJM, Inc., RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc., RMJM Worldwide, Inc., Richard Bailes, Declan Thompson, Fraser Morrison and Peter Morrison, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on their behalf or under their direction or control.

3.    The word "Complaint" shall mean the Second Amended Complaint filed by or on behalf of the Plaintiffs in the above-captioned action on or about February 8, 2013 with the United States District Court, Southern District of New York (ECF Document No. 24).

4.    The word "person" shall mean any natural person or any business, legal or governmental entity or association.

3

5.     With respect to or when used in conjunction with a document, the words "identify" and "identity" both shall mean to give, to the extent known:  (i) the type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) the author(s), addressee(s) and recipient(s) of the document.

6.     With respect to or when used in conjunction with a person, the words "identify" and "identity" both shall mean to give, to the extent known:  (i) the person's full name; (ii) the person's present or last known address; and (iii) when referring to a natural person, the person's present or last known place of employment.   Once a person has been identified as defined herein, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

7.     With respect to or when used in conjunction with an oral communication or act, the words "identify" and "identity" both shall mean to give:  (i) the substance of such communication or act; (ii) the date of such communication or act; (iii) the identity of the persons involved in such communication or act; and (iv) the identity of all documents concerning or relating to such communication or act.

8.     The words "communicate", "communicated" and "communication" shall each mean any oral or written disclosure, transmittal or exchange of information (in the form of facts, ideas, inquiries or otherwise).

9.     The words "with respect to", "relating to", "regarding" and "concerning" shall each mean relating to, referring to, describing, evidencing, potentially evidencing, supporting, constituting, recording, containing, alluding to, responding to, commenting upon, mentioning, or characterizing, either directly or indirectly, in whole or in part.

4

10.     The terms "all" and "each" shall be construed by their ordinary meaning to mean all and each.

11.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope.

12.     The use of the singular form of any word used herein includes the plural of the word and vice versa.

## INTERROGATORIES

1.     Identify each person who searched for or helped Plaintiffs search for documents to produce in response to Defendants' First Set of Requests for the Production of Documents dated May 10, 2013.

2.     Identify each person who prepared or helped prepare Plaintiffs' responses to these interrogatories, and for each identified person specify which interrogatory(ies) that each person prepared or helped to prepare.

3.     Identify each person or entity that Plaintiffs interviewed, or from whom you have requested information or document(s) concerning any allegation in Complaint.

4.     Identify each person or entity that Plaintiffs spoke with or consulted with concerning any allegation in the Complaint.

5.     Identify each and every person Plaintiffs contend has knowledge of any matter(s) which is the basis of or may possess relevant information relating to any allegation set forth in the Complaint.

6.     Identify each witness Plaintiffs intend to call to testify at a trial in this action.

99947.1

7.     Identify all documents which Plaintiffs reviewed and/or relied upon in responding to these interrogatories.

8.     Specify the computation of each category of damages alleged in the Complaint for each of the Plaintiffs, including but not limited to the total amount of damages alleged for each category of damages claimed by each Plaintiff and the manner in which such total amount was computed.

Dated:  Garden City, New York
       May 10, 2013

                                      BOND, SCHOENECK & KING, PLLC

                                        By: _____
                                            Jessica C. Satriano (JS0981)
                                          *Attorneys for Defendants*
                                          1399 Franklin Avenue, Suite 200
                                          Garden City, New York 11530
                                          (516) 267-6300; jsatriano@bsk.com

6

99947.1

PLEASE TAKE NOTICE THAT THE WITHIN IS A
(CERTIFIED) TRUE COPY OF A
ENTERED IN THE OFFICE OF THE
COUNTY CLERK ON          20
AT                              , NEW YORK

_____
                ATTORNEY

I, THE UNDERSIGNED, AN ATTORNEY ADMITTED TO PRACTICE
IN THE COURTS OF NEW YORK STATE HEREBY CERTIFY THAT
THE ANNEXED
HAS BEEN COMPARED BY ME WITH THE ORIGINAL AND IS A
TRUE AND COMPLETE COPY THEREOF.

_____
                ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DANA BYRNE, GALE LaCAVA, JOHN CONROY,
PAUL CRESTI, DERRIN HAWKINS, ANNETTE
ILAGAN, ROGER KLEIN, VLADIMIR KVINT,
KEVIN McCAUSLAND, BRIAN MENEGHIN,
STEVE MYLENSKI, JAMIE PALAZZOLO,
BELINDA PARK, SEAN ROCHE, SAL
TOMASIELLO, BRIAN WONG, on behalf of
themselves individually and on behalf of all other
similarly situated persons,

                            Plaintiffs,                          12-cv-8203 (PKC)

            v.

RMJM, INC., RMJM GROUP, INC., RMJM
HILLIER GROUP, INC., RMJM HILLIER
WORLDWIDE, INC., RMJM WORLDWIDE, INC.,
RICHARD BAILES, DECLAN THOMPSON,
FRASER MORRISON and PETER MORRISON,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

_____

### DEFENDANTS' FIRST SET OF INTERROGATORIES

_____