# Exhibit H


# BOND SCHOENECK & KING

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

KATE I. REID, ESQ.
kreid@bsk.com
P: 315.218.8625
F: 315.218.8100

July 5, 2013

## MEMO ENDORSED

<u>VIA ELECTRONIC MAIL</u>

Hon. Analisa Torres
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  Byrne, et al. v. RMJM, Inc., et al.
     Civil Action No. 12-cv-8203 (AT)
     Pre-Motion Conference Request

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/13
```

Dear Judge Torres:

We are counsel for the Defendants in the above-captioned matter. In accordance with your Individual Rules of Practice, we respectfully request that the Court schedule a pre-motion conference to allow the Defendants to seek your permission to file a post-Answer motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). We have not communicated with Plaintiffs prior to requesting this conference, in accordance with your Rule III(B)(i) because such a communication would be futile. Plaintiffs have already amended their complaint twice, their time to amend as of right has expired, and the substantive deficiencies that would be the focus of this proposed post-Answer motion are not likely to be cured by yet another amendment.

Plaintiffs, former employees of RMJM's New York City office, allege that Defendants RMJM, Inc., RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc., and RMJM Worldwide, Inc. (collectively the "Corporate Defendants"), as well as Richard Bailes, Declan Thompson, Fraser Morrison, and Peter Morrison (collectively the "Individual Defendants"), failed to pay wages, benefits, and 401(k) elective deferrals to which the Plaintiffs were purportedly entitled. Defendants respectfully request the Court's permission to move for partial judgment on the pleadings with respect to: (1) Plaintiffs' Tenth Cause of Action, alleging breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"); (2) Plaintiffs' Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action alleging various common law claims; and (3) all the remaining causes of action asserted against the Individual Defendants in Plaintiffs' Second Amended Complaint.

Hon. Analisa Torres
July 5, 2013
Page 2

## PLAINTIFFS' TENTH CAUSE OF ACTION SHOULD BE DISMISSED FOR LACK OF STANDING.

Plaintiffs' Tenth Cause of Action states that the Defendants collectively breached their fiduciary duties to the Plaintiffs by "failing to promptly pay premiums for . . . welfare benefit plans as required under ERISA and under the terms of the respective plans." Second Am. Compl., ¶ 1118. Plaintiffs further allege that as a result of this purported breach of fiduciary duty, they have been harmed by "having said welfare benefit plans incur lapses and/or terminate without notice, and being denied health, dental and life insurance benefits." As none of the Plaintiffs currently work for any of the Defendants, they are not "participants" in the health, dental, and group term life insurance plans at issue, and their ERISA claims with respect to these plans are legally insufficient. 29 U.S.C. § 1132(a); *Firestone Tire & Rubber Co v. Bruch*, 489 U.S. 101, 117 (1989). Plaintiffs' Tenth Cause of Action thus fails to state a claim against any of the Defendants and should be dismissed in its entirety.

## ALL OF PLAINTIFFS' COMMON LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW.

Plaintiffs' common law claims for fraud, promissory estoppel, and breach of contract are based on the same allegations as their statutory claims, namely, that the Defendants' failed to pay wages and premiums for welfare benefits, and failed to deposit Employee Elective Deferrals into RMJM's ERISA-governed 401(k) Plan. To the extent that these claims are based on the alleged failure to pay wages, they are preempted by the Fair Labor Standards Act ("FLSA"). *See Sampson v. MediSys Health Network, Inc.*, 10-CV-1342, 2012 U.S. Dist. LEXIS 103052, *24 (E.D.N.Y. July 24, 2012) (dismissing common law claims because "[b]y all appearances, plaintiffs' common law claims are premised on the same set of facts as their FLSA claims"). Likewise, to the extent these claims are based on the Defendants' alleged failure to make contributions to the RMJM 401(k) Plan, and to pay premiums for ERISA-governed welfare benefit plans, they are preempted by ERISA. *Raff v. Travelers Ins. Co.*, No. 90 Civ. 7673, 1996 U.S. Dist. LEXIS 3627, at *11 (S.D.N.Y. Mar. 26, 1996) (plaintiffs' state law claims were dismissed as preempted because they fell within the exclusive civil enforcement provisions enumerated in section 502(a)). Plaintiffs' Eleventh, Twelfth, Thirteenth and Fourteenth causes of action fail to state a claim against any of the Defendants should be dismissed in their entirety.

2178281.1 7/5/2013

Hon. Analisa Torres
July 5, 2013
Page 3

# PLAINTIFFS' REMAINING CLAIMS CANNOT BE MAINTAINED AGAINST THE INDIVIDUAL DEFENDANTS.

## A. Plaintiffs Have Not Pled That Any Of The Individual Defendants Were Their Employers.

Plaintiffs have not pled that any of the Individual Defendants were "employers" within the meaning of the FLSA or the New York Labor Law ("NYLL"). To state a claim for a violation of the FLSA or the NYLL, a plaintiff must plead an employer-employee relationship with all defendants, through facts that plausibly suggest that the defendants "possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Svcs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d) (1994)).

Plaintiffs have failed to set forth any facts that tie the Individual Defendants to the alleged FLSA violations in this case (i.e. the alleged failure to pay wages, welfare benefits or elective deferrals), or that suggest that the Individual Defendants exercised supervisory authority over any of the named Plaintiffs. Courts in this Circuit routinely dismiss FLSA and NYLL claims brought against senior corporate officers that contain similarly conclusory allegations of employer status. *See, e.g., Sampson v. Medisys Health Network, Inc.,* 10-cv-1342, 2012 U.S. Dist. LEXIS 103052, *14 (E.D.N.Y. July 24, 2012). The Second Amended Complaint contains no facts to support the Plaintiffs' legal conclusion that the Individual Defendants meet the economic reality test, and the Individual Defendants are therefore entitled to judgment on the pleadings with respect to Plaintiffs' wage and hour claims.

## B. Plaintiffs Have Not Pled That The Individual Defendants Are Fiduciaries.

Plaintiffs' ERISA claims against the Individual Defendants are legally insufficient, because Plaintiffs have not alleged that the Individual Defendants engaged in, or had the authority to engage in, any activities that render them "fiduciaries" under ERISA with respect to either the 401(k) plan or the various welfare benefit plans at issue. While ERISA imposes liability on individuals who are "functional fiduciaries" with respect to an ERISA plan, liability only attaches where the individual "exercises any discretionary authority or discretionary control respecting management of the plan," "exercises any authority or control respecting management or disposition of [the plan's] assets," or has "discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); *see also Finkel v. Romanowicz*, 577 F.3d 79, 86 (2d Cir. 2009) (plaintiff failed to allege that the individual defendant "exchanged one instrument for another," or that he was "responsibl[e] for determining which of the company's creditors would be paid or in what order," or that he "otherwise enjoyed authority or control over the management of 401(k) Plan assets," and thus failed to plead fiduciary status).

Hon. Analisa Torres
July 5, 2013
Page 4

Plaintiffs have not alleged that the Individual Defendants were personally involved in human resources at all, let alone that they selected investments for the 401(k) plan, exchanged one instrument for another, controlled which creditors would be paid or in what order, or otherwise participated in the management or disposition of ERISA plan assets. Plaintiffs' ERISA claims against the Individual Defendants should be dismissed.

### C. Plaintiffs Have Not Alleged That The Individual Defendants "Filed" Any Fraudulent Information Returns.

The Internal Revenue Code ("IRC") imposes liability on "any person [who] willfully files a fraudulent information return with respect to payments purported to be made to any other person." 26 U.S.C. § 7434(a). In order to state a cause of action under 26 U.S.C. § 7434, the defendant must be the person who "filed" the allegedly fraudulent return, or the person or entity to whom the benefit of the information return ran. *Vandenheede v. Vecchio*, No. 12-12284, 2013 U.S. Dist. LEXIS 25845, *6-8 (E.D.Mich. Feb. 25, 2013) (dismissing § 7434(a) claim against individuals who prepared and caused the information return to be filed, because the taxpayer, not the preparer, was the beneficiary of the deductions claimed). Plaintiffs have not alleged that any of the Individual Defendants, as opposed to the Corporate Defendants, "filed" any fraudulent information returns, or that they personally benefitted from any deductions claimed. Plaintiffs' IRC claims are wholly conclusory with respect to the Individual Defendants and should be dismissed.

### D. Plaintiffs' Remaining Common Law Claims Cannot Be Maintained Against the Individual Defendants.

To the extent that Plaintiffs' remaining common law claims are not preempted by the FLSA and ERISA, they nonetheless cannot be maintained against the Individual Defendants. Plaintiffs have not pled that any of the Individual Defendants were personally responsible for the alleged failure to pay wages and benefits. Nor have Plaintiffs alleged that any of the Individual Defendants exercised complete dominion over the Corporate Defendants, or any other facts sufficient to pierce the corporate veil and impose liability on the Individual Defendants based solely on their relationship to these entities. *See Robles v. Copstat Sec., Inc.*, 08 Civ. 9572, 2009 U.S. Dist. LEXIS 54963, *12 (S.D.N.Y. 2009) (dismissing claims against individual corporate defendant for failure to plead facts warranting piercing the corporate veil). The Individual Defendants are entitled to judgment on the pleadings with respect to Plaintiffs' common law claims.

Hon. Analisa Torres
July 5, 2013
Page 5

## DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' PROPOSED RULE 12(c) MOTION.

In light of the well-settled case law supporting the grounds for this proposed motion, Defendants also seek the Court's permission to move for an order staying discovery with respect to all claims against the Individual Defendants pending resolution of this proposed Rule 12(c) motion. Three of the four Individual Defendants reside in the United Kingdom, and subjecting them to discovery pending resolution of this motion would be especially costly and burdensome. *See, e.g., Transunion Corp. v. PepsiCo., Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (granting motion to stay discovery pending determination on motion to dismiss for *forum non conveniens*).

In light of the foregoing, Defendants respectfully request that the Court schedule a pre-motion conference at its earliest convenience. Thank you for your attention to this matter.

Respectfully,

BOND, SCHOENECK & KING, PLLC

*s/ Kate I. Reid*

Kate I. Reid

KIR/ca

Cc: David Gottlieb (*via email*)
Douglas Wigdor (*via email*)
Michael John Willemin (*via email*)

By July 15, 2013, Plaintiffs shall e-mail the Court their response to this letter.

SO ORDERED.

_____
ANALISA TORRES
United States District Judge

July 8, 2013

2178281.1 7/5/2013