# Exhibit I



# Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**David E. Gottlieb**
dgottlieb@thompsonwigdor.com

July 15, 2013

**VIA E-MAIL (Torres_NYSDChambers@nysd.uscourts.gov)**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Byrne, et al. v. RMJM, Inc., et al.; No. 12-cv-8203(AT)

Dear Judge Torres:

We represent 16 Plaintiffs, on behalf of themselves individually and on behalf of similarly situated employees, and write in response to Defendants' request for a pre-motion conference concerning a proposed motion for partial judgment on the pleadings. We respectfully request that the Court deny this application as Defendants have not identified a single deficiency in Plaintiffs' pleadings and a fully briefed motion would constitute a waste of the time and resources of all parties and the Court. We also respectfully request that the Court reserve judgment on Defendants' request until after the parties engage in mediation, already scheduled for August 7, 2013, as a successful mediation would render Defendants' application moot.

## I.   Background

Plaintiffs are former employees of Defendants RMJM, Inc., RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc., RMJM Worldwide, Inc., (collectively, "RMJM" or the "Corporate Defendants"), Richard Bailes, Declan Thompson, Fraser Morrison and Peter Morrison (the "Individual Defendants") (altogether, "Defendants") who allege that Defendants have and are continuing to violate the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), the Internal Revenue Code, 26 U.S.C. § 7434 ("IRC Section 7434"), the Employee Retirement Income Security Act ("ERISA") and New York State common law.

Defendants intentionally failed to pay employees and former employees' wages, benefits (such as insurance premiums), 401(k) elective deferrals and matching contributions and other wage supplements, including severance. Even when portions of these items were paid, they were often paid days, weeks or months later than agreed upon or required by law. Due to Defendants' failure to pay insurance premiums, the policies lapsed and were cancelled. Rather than notifying their employees, Defendants fraudulently and expressly misrepresented that the premiums were

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Analisa Torres
July 15, 2013
Page 2

still being paid, and monies continued to be deducted from employee paychecks for payments. Similarly, Defendants continually deducted funds from wages purportedly to cover 401(k) deferrals, when in fact the 401(k) deferrals were not being made. Defendants also fraudulently misrepresented their employees' compensation to the Internal Revenue Service ("IRS") by filing Form W2s that incorrectly represented that all wages and benefits were paid. Due to Defendants' erratic, inconsistent and irregular wage payment practices, they did not pay their employees on a "salary basis" and, therefore, cannot establish any exemptions from the FLSA's overtime or minimum wage requirements. Thus, they also are liable for unpaid overtime and minimum wages. The scale and scope of Defendants' flagrant unlawful conduct is astounding.

Defendants effectively admit the allegations. (*See, e.g.*, Dkt. No. 35 at § B) ("Defendants respectfully submit that any failure to pay salaries for any period of time was not intentional and willful and that even assuming, *arguendo*, that fiscal realities prevented the payment of certain periods of time, such a failure does not destroy the 'salary' basis test").

## II.   Defendants are Not Entitled to a Stay of Discovery

There is no presumption of a stay of discovery upon moving to dismiss, let alone a *partial* motion to dismiss. In fact, the presumption is the opposite, and stay is granted only for "good cause." *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."); *see also Moran v. Flaherty*, No. 92 Civ. 3200(PKL), 1992 WL 276913 at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). Defendants do not even reference the "good cause" standard, and certainly do not satisfy it. As described below, Defendants' proposed motion is without merit, and a stay will only delay Plaintiffs' recovery for Defendants' flagrant unlawful conduct. Moreover, even if the motion were granted in whole or part, this action will proceed virtually unchanged with respect to Defendants' discovery obligations. Thus, there is significant detriment and no utility served by a stay. As Defendants cannot establish good cause, discovery must proceed.

## III.   Plaintiffs Do Not Lack Standing To Bring Their Tenth Cause of Action

Defendants claim that Plaintiffs lack standing to bring a claim under ERISA for Defendants' failure to pay insurance premiums because they are former employees and, thus, not "participants" under ERISA. For the avoidance of any doubt, Defendants literally stole Plaintiffs' wages by deducting it from their paychecks and putting in their own coffers rather than using the funds to pay premiums and other benefits that Plaintiffs were told were being paid. Defendants are essentially arguing that when their failure to pay benefits became so egregious that employees were forced to resign, that Defendants then became immune from ERISA liability. What is more, the logical extension of Defendants' argument is that employers can relieve themselves of ERISA liability by firing employees.

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Analisa Torres
July 15, 2013
Page 3

Defendants' reliance on *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989), is misplaced as it actually undermines their argument. In *Firestone*, the Court held that the definition of "participant" includes "*former employees* who have . . . a reasonable expectation of returning to covered employment or *who have a colorable claim to vested benefits.*" *Id.* at 117 (emphasis added). As explained in *Gray v. Briggs*, 97 Civ. 6252(DLC), 1998 WL 386177 at *4 (S.D.N.Y. July 7, 1998):

> [T]he plaintiffs allege that the distributions they received were less than they were entitled to on account of the defendants' wrongful conduct during the term of the plaintiffs' employment, the plaintiffs' claim is for 'vested benefits.' In other words, the plaintiffs seek benefits to which they were entitled at or before the time of their termination, but which they did not receive because of the defendants' wrongdoing. It would defeat the purposes of ERISA to deny standing in this context.

Plaintiffs similarly assert claims for damages based on benefits not provided to them during their employment, including the failure to pay insurance premiums and provide coverage itself during the periods it was cancelled. Plaintiffs, therefore, have standing to bring their ERISA claims.

**IV.    Plaintiffs' Common Law Claims Are Not Preempted by Federal Law**

Defendants argue that Plaintiffs' common law claims for fraud, promissory estoppel, and breach of contract are preempted by the FLSA or ERISA. Defendants do not seek to dismiss Plaintiffs' claims for unjust enrichment. However, where common law and FLSA claims are pled, common law claims are not preempted if they seek different recovery. *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 462 (E.D.N.Y. 2011) ("to the extent the state common law claims seek relief not provided for by the [FLSA] they are not preempted").

Plaintiffs seek minimum wage and overtime pursuant to the FLSA, and different relief under common law, including compensation for Defendants' failure to pay: (i) agreed upon or promised wages (above minimum wage); (ii) unpaid vacation time; (iii) expense reimbursements; and (iv) severance pay. The FLSA does not preempt these claims. *See, e.g.*, *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 463 (E.D.N.Y. 2011) ("To the extent that [ ] common law claims seek recovery for claims that are unavailable under the FLSA they are not preempted because, [a]n employer may contractually agree to compensate employees for time that is not mandatorily compensable under the FLSA."); *Davis v. Lenox Hill Hosp.*, 03 Civ. 3746(DLC), 2004 WL 1926087 at *7 (S.D.N.Y. Aug. 31, 2004) (plaintiff permitted to bring unjust enrichment and FLSA claim because "[a]t the pleading stage [a plaintiff] is free to pursue her claim under both state and federal law.").

Plaintiffs' common law claims are not preempted by ERISA. Claims are only preempted by ERISA if brought "under circumstances in which there is no other independent legal duty that is implicated by a defendant's actions." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Analisa Torres
July 15, 2013
Page 4

321, 328 (2d Cir. 2011) (quotation omitted). Defendants have an "independent legal duty" under the common law not to make the intentional misrepresentations upon which Plaintiffs relied. It is also inconsistent for Defendants to seek dismissal of Plaintiffs' ERISA claims for lack of standing, and also dismissal of Plaintiffs' common law claims due to ERISA preemption.

### V.     Plaintiffs' Claims Can be Maintained Against the Individual Defendants

#### A.     Plaintiffs Pled that the Individual Defendants were their Employers

Defendants claim that Plaintiffs failed to plead that Individual Defendants were "employers" under the FLSA or NYLL. However, at the pleading stage, a plaintiff must only allege that he or she was an "employee" and "was employed by" an individual. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) (these allegations permitted "[a] reasonable inference that . . . [a defendant] was indeed [the plaintiff's] 'employer' as that term is defined by the FLSA.). Even if Plaintiffs were required to plead the elements of the "economic reality test," they did so by pleading that the Individual Defendants "collectively and individually (i) owned and operated RMJM, (ii) controlled RMJM's work and wage payment conditions and methods including the conditions described [in the Complaint], (iii) had the power to hire and fire employees including but not limited to Plaintiffs, and (iv) had budgetary authority over RMJM." (Dkt. No. 24 at ¶ 39). *See, e.g., Michalek v. Amplify Sports & Entm't LLC*, 11 Civ. 508(PGG), 2012 WL 2357414 at *3 (S.D.N.Y. June 20, 2012); *Hernandez v. Habana Room, Inc.*, 11 Civ. 1264(RMB)(JCF), 2012 WL 423355 at *3 (S.D.N.Y. Feb. 9, 2012) (identical allegations were "plainly sufficient to state a claim for individual liability" under the FLSA). Thus, Plaintiffs properly pled that the Individual Defendants are "employers' under the FLSA.

#### B.     Plaintiffs Pled that the Individual Defendants were Fiduciaries

The Individual Defendants seek to escape ERISA liability by claiming that Plaintiffs failed to plead that they are "fiduciaries." Defendants rely on *Finkel v. Romanowicz*, 577 F.3d 79, 86 (2d Cir. 2009) and claim that Plaintiffs failed to allege that the Individual Defendants had responsibility for "determining which of the company's creditors would be paid or in what order." However, Plaintiffs did allege that the Individual Defendants "operated RMJM," "controlled RMJM's work [ ] conditions and methods *including the conditions described [in the Complaint]*," and "had budgetary authority over RMJM." (Dkt. No. 24 at at ¶ 39) (emphasis added). Plaintiffs specifically alleged that the Individual Defendants controlled the unlawful actions covered by ERISA. These allegations demonstrate that Defendants had responsibility for "determining which of the company's creditors would be paid or in what order."

Moreover, individual liability under ERISA also attaches if an individual, *inter alia*, "knowingly participat[es] in a fiduciary's breach of ERISA trust obligations," or "engag[es] in fraudulent conduct." *In re Beacon Associates Litig.*, 745 F. Supp. 2d 386, 428 (S.D.N.Y. 2010). Plaintiffs pleaded that the Individual Defendants' knowingly participated in ERISA violations and fraud. (*See, e.g.*, Dkt. No. 24 at ¶¶ 66-67, 102-103, 166-172, 236-242, 302-307, 382-388, 452-458, 522-

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Analisa Torres
July 15, 2013
Page 5

528, 591, 597, 649-650, 704-705, 769-775, 840-846, 899-900, 965-971) (detailing how Defendants, defined to include the Individual Defendants, violated Plaintiffs' ERISA rights). Therefore, Plaintiffs properly pled that the Individual Defendants are fiduciaries under ERISA.

### C. Plaintiffs Adequately Pled Claims Under the Internal Revenue Code

Defendants argue that Plaintiffs failed to plead that the Individual Defendants filed fraudulent information returns. However, Plaintiffs alleged that Defendants, including the Individual Defendants, "filed" fraudulent information returns. (Dkt. No. 24 at ¶¶ 59, 99-101, 160-165, 230-235, 300-301, 376-381, 446-451, 516-521, 585-590, 645-648, 698-703, 763-768, 834-839, 893-898, 959-964, 1020-1025, 1103-1104) (detailing how Defendants, defined to include the Individual Defendants, filed false information returns). Plaintiffs also alleged that the Individual Defendants "operated RMJM," "controlled RMJM's work [ ] conditions and methods including the conditions described [in the Second Amended Complaint]," and "had budgetary authority over RMJM." (Dkt. No. 24 at ¶ 39). This raises at least an inference that the Individual Defendants filed fraudulent information returns. Whether the Individual Defendants were involved in filing the fraudulent Form W2s with the IRS requires an evidentiary record.

### D. Plaintiffs Pled Individual Defendants Violations of New York Common Law

Finally, Defendants erroneously claim that Plaintiffs did not plead that any of the Individual Defendants were responsible for the alleged failure to pay wages and benefits. This ignores the entire Second Amended Complaint, which specifically alleges that all Defendants, including the Individual Defendants, engaged in the complained of conduct. (*See* Dkt. No. 24). The Second Amended Complaint also specifically alleges that the Individual Defendants "owned and operated RMJM" and "controlled RMJM's work and wage payment conditions and methods including the conditions described [in the Complaint]." (Dkt. No. 24 at ¶ 39). There is no basis for the claim that Plaintiffs failed to plead responsibility on the part of the Individual Defendants for the unlawful actions described in the Second Amended Complaint.

### VI. Conclusion

In light of the foregoing, Plaintiffs respectfully request that the Court deny Defendants' request to schedule a pre-motion conference. Plaintiffs also respectfully request that, if the Court is inclined to schedule a pre-motion conference, it be scheduled for after the mediation currently scheduled for August 7, 2013, so that that parties and Court are not forced to expend resources on issues that may soon be moot. Thank you for your consideration in this matter.

Respectfully submitted,

David E. Gottlieb

cc:   John Ho, Esq. (via e-mail)