# Exhibit K

**TERM SHEET**
Settlement of Claims between Plaintiffs and Defendants in the Matter of
<u>Byrne et al v. RMJM Group, Inc.</u>, No. 12-8203

Plaintiffs Dana Byrne, Gale LaCava, John Conroy, Paul Cresti, Derrin Hawkins, Annette Illagan, Roger Klein, Kevin McCausland, Brian Meneghin, Steve Mylenski, Jamie Palazzolo, Belinda Park, Sean Roche, Sal Tomasiello, Brian Wong and Vladimir Kvint ("Plaintiffs") and Defendants RMJM, Inc, RMJM Group, Inc., RMJM Hillier Group, Inc., RMJM Hillier Worldwide, Inc., RMJM Worldwide, Inc., on its own behalf and on behalf of its predecessors, parents, affiliates, insurers, subsidiaries, divisions, successors and assigns, and its respective current and former officers, directors, agents representatives, employees, benefit plans and attorneys (collectively, "RMJM"), Richard Bailes, Declan Thompson, Fraser Morrison, and Peter Morrison ("Individual Defendants") (RMJM and the Individual Defendants together are "Defendants") (Plaintiffs and Defendants together are the "Parties"), hereby agree to a settlement with the following material terms:

1. This document memorializes the material terms and conditions to be documented in a formal settlement agreement ("Settlement Agreement") to be entered into by the Parties no later than August 26, 2013.

2. In consideration of and in exchange for the consideration provided herein, the Parties agree to a settlement payment in the total amount of $885,000 as follows:

    a. A gross payment in the amount of $450,866.67, which will be divided amongst the Plaintiffs in the manner decided by Plaintiffs provided that Plaintiffs specify the non-wage claims for which the payment is being made, and reportable on IRS Form 1099s.

    b. A payment of $234,133.33 to Thompson Wigdor LLP for attorneys' fees and costs for which an IRS Form 1099 will be issued.

    c. A gross payment in the amount of $125,333.33, which will be divided amongst the Plaintiffs in the manner decided by Plaintiffs, and reportable on IRS Form W2s, subject to applicable withholdings and deductions.

    d. A gross payment in the amount of $8,000.00, which will be divided amongst the Plaintiffs in the manner decided by Plaintiffs provided that Plaintiffs specify the non-wage claims for which the payment is being made, and reportable on IRS Form 1099s.

    e. A payment of $66,666.67 to Thompson Wigdor LLP for attorneys' fees and costs for which an IRS Form 1099 will be issued.

    f. All payments are contingent on Plaintiffs and their counsel providing Defendants with the necessary tax forms.

      g. Defendants' obligation to make the payments described herein will cease upon delivery of such payments to Plaintiffs' counsel.

3. The timing of payment will be as follows:

      a. Defendants to make the payments provided in Paragraphs 2(a) and 2(b) as soon as practicable but no later than 15 days of the execution of the Settlement Agreement so long as the Court has "So-Ordered" the stipulation of discontinuance with prejudice.

      b. Defendants to make the payments provided in Paragraphs 2(c), 2(d) and 2(e) as soon as practicable but no later than October 15, 2013, so long as the Court has "So-Ordered" the stipulation of discontinuance with prejudice..

4. Peter Morrison agrees to be personally liable for the payments provided in Sections 2(c), 2(d) and 2(e), and will execute such a written guarantee, which will include personal guarantee of the payments against all his personal assets both in the United States and abroad. To the extent full payment is not timely made pursuant to Sections 2(c), 2(d) and 2(e), Peter Morrison also agrees that the personal guarantee will include all attorneys' fees and costs associated with enforcement of the personal guarantee, as well as interest on the payments in accordance with the New York Civil Practice Laws and Rules. Peter Morrison further agrees not to contest Plaintiffs choice of venue or jurisdiction in enforcing the personal guarantee.

5. Chubb Corporation, as insurer of the Individual Defendants, agrees to be responsible for $685,000 of the payments provided in Paragraph 2(a) and 2(b).

6. To the extent any payments provided in Paragraph 2 are not made or approved by the court, in addition to the other remedies provided herein and available by law, the Parties agree that Plaintiffs may reinstitute all causes of action alleged in the complaint as if filed on the date of the filing of the original complaint, with tolling of the applicable statutes of limitations from the original date of filing, and seek any and all available remedies and certification as a class action.

7. The Parties agree to keep strictly confidential the terms of the Settlement Agreement, including the terms, allegations, and circumstances of the claims. Plaintiffs may disclose the terms of the Settlement Agreement to their immediate family, tax advisor and/or financial professional, subject to each such individual's agreement to keep the terms confidential.

8. Any Plaintiff who Defendants can establish breached confidentiality will be obligated to pay liquidated damages equal to the amount that individual Plaintiff receives in the Settlement Agreement, not including attorneys' fees and costs.

9. Full mutual release of claims and covenant not to sue.

10. Mutual non disparagement.

2

11.   ADEA waiver.

12.   No claim filed or assigned.

13.   Governing law and venue. Any future dispute, with the exception of enforcing the personal guarantee and reinstating the complaint, to be resolved by Carol Wittenberg as the sole arbitrator, waiving any right to appeal. This includes any dispute that may arise regarding the enforceability of this Term Sheet which the Parties acknowledge by signing below is an enforceable settlement agreement.

14.   Integrated agreement.

15.   Severability.

16.   Drafting.

17.   Notices.

18.   Expiration and copies.

19.   No other agreement.

20.   Modification only in writing.

21.   Voluntary and knowing.

22.   Defendants agree to pay all mediation fees and costs and reimburse Thompson Wigdor LLP for any mediation fees paid to Jams.

By signing below, you agree that this Term Sheet is enforceable as all material terms have been agreed and that the only thing that is required subsequent to the signature of this Term Sheet is the memorializing of the material terms in a separate Settlement Agreement. By signing this Term Sheet, you agree that even if a separate Settlement Agreement is not ultimately signed, all of the terms herein shall be enforceable.

Declan Thompson represents that he has full authority to execute this Term Sheet and bind RMJM and the Individual Defendants.

Dated: August 7, 2013
New York, NY

By: _____
RMJM by Declan Thompson

By: _____
Peter Morrison, individually, by
Declan Thompson

3

By: _____
All Individual Defendants by Declan Thompson

By: _____
Chubb Corporation by Kristin Poplar

By: _____　　　　By: _____
Dana E. Klein Byrne　　　　　　　　　　　　　　Gale LaCava

By: _____　　　　By: _____
John Conroy　　　　　　　　　　　　　　　　　Paul B. Cresti

By: _____　　　　By: _____
Derrin Hawkins　　　　　　　　　　　　　　　　Annette Illagan
by Michael Willemin as counsel　　　　　　　　　by Michael Willemin as counsel

By: _____　　　　By: _____
Roger L. Klein　　　　　　　　　　　　　　　　Kevin McCausland

By: _____　　　　By: _____
Brian Meneghin　　　　　　　　　　　　　　　　Steve Mylenski
　　　　　　　　　　　　　　　　　　　　　　　by Michael Willemin as counsel

By: _____　　　　By: _____
Jamie Palazzolo　　　　　　　　　　　　　　　　Belinda Park

By: _____　　　　By: _____
Sean Roche　　　　　　　　　　　　　　　　　Salvatore Tomasiello

By: _____　　　　By: _____
Brian Chi-bun Wong　　　　　　　　　　　　　　Vladimir Kvint

4