# Exhibit P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------x
                                           :
KULE-RUBIN et al.,                         :
                                           :
                Plaintiffs,                :
                                           :          11 Civ. 2424
         v.                                :
                                           :
BAHARI GROUP LTD, et al.,                  :          DAMAGES INQUEST
                                           :
                Defendants.                :
                                           :
------------------------------------------x
```

Plaintiffs Farrah Kule-Rubin and others worked for defendant Bahari Group Limited ("Bahari Group"), an apparel manufacturer. Defendants Reza and Fattenah Bahari are among the ten largest shareholders of Bahari Group.

Plaintiffs allege that they were not paid for their work in November of 2010, were not paid for unused vacation time, and were unlawfully required to incur personal expenses in connection with their employment. Because defendants did not deny these and other allegations in their answer, summary judgment was granted in the plaintiffs' favor on March 5, 2012. Defendants were held to have willfully violated minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206 (2012), to have knowingly violated the minimum wage provisions of N.Y. Lab. Law § 652, and to have failed to pay wages earned in

1

November of 2010 in violation of N.Y. Lab. Law § 193.  Fattenah and Reza Bahari were further held individually liable for these violations under N.Y. Bus. Corp. Law § 630.

Plaintiffs subsequently moved for a damages inquest on June 15, 2012.  At the parties' request, the court agreed to conduct this inquest on submission.

Plaintiffs have submitted a detailed report setting forth the amounts they are owed for their unpaid labor, in addition to the applicable statutory penalties provided by the relevant provisions of FLSA and NYLL.  These statutes also contain fee-shifting provisions which entitle plaintiffs to reasonable attorneys' fees and costs.  Plaintiffs have submitted detailed billing information from their attorneys in support of this request.

All told, plaintiffs request $13,456.00 in damages for Bahari Group's failure to pay them the minimum wage, in addition to $26,912.00 in statutory penalties.  Both NYLL and FLSA provide for double damages, thus this latter number reflects an additional $13,456.00 for each statute.  For failure to pay earned wages they seek damages of $78,492.33 as well as an additional $78,492.33 in statutory damages under N.Y. Lab. Law § 193(1-a).  This totals $197,352.66.  Plaintiffs' attorneys' fees and costs total an additional $144,317.43.

Defendants, meanwhile, have produced no substantial response to these calculations and the evidence supporting them.  Instead, they belatedly deny the allegations against them and, mistakenly, contend that plaintiffs have not

2

provided their attorneys' contemporaneous time records in support of their request for attorneys fees.  The defendants' evidence consists only of an affidavit by Mr. Bahari claiming that plaintiffs were paid for all work performed in the month of November.

At the inquest stage, a defendant is afforded an opportunity to dispute the damages claimed by the plaintiff and the burden remains on the plaintiff to prove what damages they suffered.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir.1992), cert. denied, 506 U.S. 1080 (1993); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.1974).  But a plaintiff is entitled to all reasonable inferences from the evidence offered.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.3d 61, 65 (2d Cir.1981).  This is particularly true when, in a labor case such as this, an employer fails to maintain or produce adequate employment records.  In such a case plaintiffs may prove their damages simply by providing adequate evidence, including testimonial evidence, to support a reasonable inference in favor of the damages they allege.  See Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 367 (S.D.N.Y. 2005);  see also 29 U.S.C. § 211(c) (2012); N.Y. Lab. L. § 196-a (2012).  A defendant at this stage, while they have the opportunity to dispute the damages claimed by the plaintiff, may not rebut a plaintiff's evidence relating to damages by relitigating the underlying question of liability.  Greyhound Exhibitgroup, 973 F.2d at 159.

Therefore, since defendants have done nothing to meaningfully contest plaintiffs' calculations and plaintiffs' evidence, supported by affidavits signed

3

by each plaintiff, is adequate to support the damages they request, plaintiffs' request should be granted.

In addition to liquidated damages, New York law entitles plaintiffs to pre-judgment interest of 9% per year of actual damages, See N.Y. C.P.L.R. §§ 5001, 5004; Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 265 (2d Cir. 1999). When plaintiffs' injuries were suffered not all at once but over a period of time, interest may be computed starting from a reasonable intermediate date. N.Y. C.P.L.R. § 5001(b).

Plaintiffs suggest that November 1, 2010 is such a date. However, since the large majority of the wages at issue were earned during the month of November, November 1, 2012 is not a reasonable choice. Only a small fraction of the unpaid wages was actually owed to them at the beginning of November. Instead, the court should select November 15, 2012, the date by which approximately half of the defendants' liability would have accrued. Actual damages under NYLL total $91,948.33; therefore the annual 9% interest provided by New York law yields pre-judgment interest of $22.67 per day for each day between November 15, 2010 and the date of the judgment in this case (interest awarded under N.Y. C.P.L.R. § 5001 does not compound).

So ordered.

Dated: New York, New York
November 15, 2012

4

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 15, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

FARRAH KULE-RUBIN, LANA RYBAK, SHEILA YEN-PFISTER, JEANETTE PENALVER, REBECCA SCHLOSSBERG, TIEU PHAN CHAN, LAI WAN NG, SHAOLI HU ZHANG, CLAUDETTE JEAN-BAPTISTE, MOON CHAN and FUN YIM NG,

                    Plaintiffs,

- against -

BAHARI GROUP LIMITED; REZA BAHARI, in his individual and official capacities; FATTANEH BAHARI, in her individual and official capacities; and "JOHN DOES 1 through 5," whose names are not currently known, in their individual and official capacities,

                    Defendants.

Civil Action No.:
11 CIV 2424 (TPG) (JLC)

------------------------------------------------------------------ X

## **DECLARATION OF DAVID E. GOTTLIEB**

DAVID E. GOTTLIEB, an attorney admitted to practice before this Court, hereby deposes and states under penalty of perjury, that:

1.    I am a member of the bar of this Court and am associated with the law firm of Thompson Wigdor LLP. We are counsel for Plaintiffs in the above-captioned action against Defendants Bahari Group Limited, Reza Bahari and Fattaneh Bahari ("Defendants").

2.    I submit this declaration with the exhibits attached hereto in support of Plaintiffs' Inquest on Damages, Attorneys' Fees, Costs and Pre- and Post-Judgment Interest ("Plaintiffs' Inquest"). Except where otherwise stated, I have personal knowledge of the facts set forth herein.

I.      **Background and Litigation History**

3.      We first consulted with Plaintiffs in January 2011 and have remained continuously as counsel for Plaintiffs from that time forward.

4.      On April 8, 2011, Plaintiffs filed the Complaint, commencing the instant action.

5.      On May 5, 2011, Plaintiffs filed the First Amended Complaint, which remained substantively nearly identical, but added Plaintiffs Moon Chan and Fun Yim Ng. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' First Amended Complaint.

6.      On June 1, 2011, Defendants filed their Answer with accompanying counterclaims. In their Answer, Defendants admitted and/or refused to deny material substantive allegations of the Amended Complaint. Attached hereto as **Exhibit B** is a true and correct copy of Defendants' Answer to the Amended Complaint.

7.      As a result of Defendants' refusal to deny or admit material substantive allegations, on October 11, 2011, Plaintiffs also moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for partial judgment on the pleadings.

8.      On March 5, 2012, United States District Judge Thomas P. Griesa granted Plaintiffs' motion for partial judgment on the pleadings as to the First, Second, Third and Fourth Causes of Action, and dismissed all of the counterclaims of Defendants. Attached hereto as **Exhibit C** is a true and accurate copy of the Court's Order re Motion for Partial Judgment on the Pleadings.

9.      Throughout this litigation, Defendants' dilatory conduct has significantly delayed the discovery process.

10.     Particularly, Defendants failed to respond to numerous email, telephone, and letter inquiries for many months from 2011 to 2012.

11. On September 23, 2011, Plaintiffs served upon Defendants Plaintiffs First Request for Production of Documents and First Set of Interrogatories. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs' First Request for the Production of Documents.

12. The discovery responses Plaintiffs received from Defendants were wholly insufficient. Attached hereto as **Exhibit E** is a true and correct copy of Defendants' Responses to Plaintiffs' First Request for the Production of Documents.

13. Defendants' responses indicated a failure to maintain any of the Plaintiffs' employment documents, explaining that all of their records related to the business were seized by IDB bank after bankruptcy proceedings. *See* Exhibit E.

14. Plaintiffs subsequently subpoenaed IDB Bank for all records relevant to this matter. Attached hereto as **Exhibit F** is a true and accurate copy of Plaintiffs' Subpoena served upon IDB Bank.

15. IDB Bank responded to Plaintiffs on May 23, 2012, stating that the bank is not in possession of any the records or books of Defendants. Attached hereto as **Exhibit G** is a true and accurate copy of the Letter from IDB Bank.

16. Thus, to the extent that any of the Plaintiffs were unable to provide employment documents, an attempt was made to obtain such documents through discovery. Defendants, however, failed to maintain and provide any records of employment. Moreover, the records obtained from our clients show that Defendants failed to pay Plaintiffs throughout November 2010. Attached hereto as **Exhibit H** is a true and accurate copy of a letter dated December 6, 2010 from the General Manager of Bahari Group.

3

17. On April 9, 2012, counsel for both parties met with United States District Judge Thomas P. Griesa and the Court approved Plaintiffs' request for an inquest on damages on those claims for which his Honor entered a judgment.

## II. Application for Attorneys' Fees and Costs

18. We first consulted with Plaintiffs in January of 2011 and have remained continuously as counsel for Plaintiffs from that time forward.

19. Plaintiffs seek attorneys' fees for the time counsel has reasonably expended in connection with this matter. Counsel maintains contemporaneous computerized daily records of time expended in all matters through the use of LexisNexis® Practice Advantage ("Practice Advantage"), a comprehensive litigation management software program. Practice Advantage tracks and organizes time, expenses and other information concerning all matters handled by the firm.

20. Every attorney, law clerk and paralegal who has worked on this case has kept contemporaneous records of their time spent on this litigation. The detailed time, billing and expense records are set forth by Practice Advantage. Attached hereto as **Exhibit I** are detailed billing and time records associated with this matter.

21. The hours incurred on this matter have been reasonable, among many other reasons, because partner hours have been quite limited. The reasonableness of the hours incurred should also be considered in light of the success counsel has had in virtually every aspect of this litigation to date. Moreover, the attorney, law clerk and paralegal hours spent on this matter have been reduced from their original entries in an effort to ensure the reasonableness of the fee application. In total, approximately 62.50 hours have been removed from the actual billable entries. Thus, the fees requested by counsel in this matter total $141,860.00. *See* Exhibit I.

22. Plaintiffs submit a bill of litigation costs, including, but not limited to, filing fees, process service fees, copying fees, messenger service fees, and postage. The costs and out-of-pocket expenses incurred are of the type routinely billed by Plaintiffs' counsel's fee paying clients. Attached hereto as **Exhibit J** are detailed expense records associated with this matter which total $2,457.43.

23. My customary hourly rate is $500 for 2011 and 2012. The hourly rates of other lawyers and staff are consistent with the customary rates charged for their services and the prevailing rates in the Southern District of New York. Counsel's attorneys regularly charges $750 for partner time, $300 to 650 for associates' time, depending on seniority, $225 for law clerk time (law school graduates, pre-admission) and $180 for a paralegal's time. Attached hereto as **Exhibit K** are sample retainer agreements (with client names and identifying information redacted) reflecting these rates or higher.

24. In addition, after consulting with other attorneys in the field, we have determined that the hourly rates charged by attorneys with Counsel's firm are consistent with the rates charged by other attorneys and staff of comparable experience and expertise.

## QUALIFICATIONS OF DAVID E. GOTTLIEB

25. I am a senior associate at TW. I received a B.A. in political science and philosophy from the University of Arizona in 2002. I received a J.D. from the University of Miami in 2005.

26. While in law school, I clerked for The Innocence Project, a nationally recognized non-profit law clinic devoted to the exoneration of wrongfully convicted inmates through the use of DNA evidence. While there, among other successes, I was instrumental in obtaining the commutation of an inmate's death sentence based on exculpatory DNA evidence.

27.     I am a member of the State Bar of New York and also the New York State Bar Association. I am admitted to practice in New York, as well as the Eastern and Southern Districts of New York and the Second Circuit Court of Appeals. Prior to joining TW, I worked at a boutique law firm litigating employment matters, in addition to a variety of other litigation. Since joining TW in 2010, and in my professional career, I have been involved in dozens of hundreds employment matters including complex wage-and-hour class actions and large multi-plaintiff discrimination cases. I handle matters from inception through trial and appeal. Earlier this year, I was co-lead counsel in a two-plaintiff discrimination and retaliation trial before The Honorable Leonard D. Wexler.

28.     I have been lead counsel in this matter, which has involved significant expenditures of time managing numerous clients and extensive motion practice. I have been extremely successful in the litigation of this matter, obtaining a dismissal of the counterclaims asserted by Defendants and also obtaining a judgment on the pleadings as to a portion of the Plaintiffs' claims. I have also managed and supervised the work of other associates, law clerks and paralegals on this matter, and have avoided the need for significant expenditure of partner hours on this case.

29.     The hourly rate charged for my services is $500 per hour in 2011 and $500 per hour, or above, in 2012.

### QUALIFICATIONS OF DOUGLAS H. WIGDOR

30.     Douglas H. Widgor is a founding partner of Thompson Wigdor LLP ("TW"). Mr. Wigdor has been practicing law for over ten years with a primary focus on litigation and labor and employment law. Mr. Wigdor is a member of the bars of the States of New York, Pennsylvania and the District of Columbia. Mr. Wigdor is also admitted to practice before the

United States Supreme Court, the Second Circuit Court of Appeals, and the Eastern, Southern and Northern Districts of New York. Mr. Wigdor is admitted to practice law in the United Kingdom and Mr. Wigdor is a qualified solicitor in England and Wales.

31. Mr. Wigdor received an undergraduate degree in Political Science from Washington University in St. Louis and graduated *cum laude* in 1990. Mr. Wigdor received a Juris Doctor from the Catholic University of America in Washington, D.C. in 1993, where he graduated at the top of his class. During law school, Mr. Wigdor was a Senior Staff Member of the *Catholic University Law Review*. Mr. Wigdor received a Masters Degree in Politics from Oxford University in England in 1995. While at Oxford, Mr. Wigdor was an editor of the *Oxford International Review*.

32. Mr. Wigdor served as an Assistant District Attorney in Suffolk County, New York from 1995 to 1998. Mr. Wigdor then had the distinguished privilege to serve as a federal law clerk to United States District Judge Arthur D. Spatt from 1998 to 1999, where he was exposed to a broad range of complex civil and criminal litigation. Mr. Wigdor was a senior lawyer in the labor and employment section of Morgan, Lewis & Bockius LLP ("Morgan Lewis") from 2000 through 2003. Since founding TW, Mr. Wigdor has represented management side employers, high-level employees and entry-level employees, such as Plaintiffs. The vast majority of his current practice is comprised of labor and employment related litigation in both federal and state courts.

33. The current hourly rate charged for Mr. Wigdor's services is $750 per hour.

## QUALIFICATIONS OF OTHER ATTORNEYS AND STAFF

34. Matthew Gorman was an associate at TW from August 2010 to December 2011. He received his J.D. from New York University in 2010 and his B.A. from Cornell University. The hourly rate charged for Mr. Gorman's services was $300 per hour in 2011.

35. Jamarri Ivy has been a law clerk at TW since February 2012. He is awaiting admission to the State Bar of New York. Mr. Ivy assisted in the preparation of Plaintiffs' Inquest papers and various other duties associated with this matter. Mr. Ivy received his J.D. from Harvard Law School, after receiving his A.B., from the University of Georgia. The hourly rate charged for Mr. Ivy's services is $225 per hour in 2012.

36. Patrick J. Durkin is a paralegal with TW who assisted with the paralegal duties associated with this matter. Mr. Durkin graduated, *cum laude*, from New York University with a B.A. in History and a minor in Philosophy. He has assisted Thompson Wigdor LLP in other trials. The hourly rate for Mr. Durkin's services is $175 per hour.

37. Jay W. Jung was a paralegal with TW who assisted with paralegal duties associated with this matter. The hourly rate for Mr. Jung's services is $175 per hour.

38. Vantiel E. Duncan was a paralegal with TW who assisted with paralegal duties associated with this matter. The hourly rate for Ms. Duncan's services is $175 per hour.

39. Harry Hartfield is a paralegal with TW who assisted with paralegal duties associated with this matter. The hourly rate for Mr. Hartfield's services is $175 per hour.

40. Lucas Rappoport is a paralegal with TW who assisted with paralegal duties associated with this matter. The hourly rate for Mr. Rappoport's services is $175 per hour.

41.	James Tai was a paralegal with TW who assisted with paralegal duties associated with this matter. The hourly rate for Mr. Tai's services is $175 per hour.

Dated: June 15, 2012
      New York, NY

                                             Respectfully submitted,

                                             **THOMPSON WIGDOR LLP**

                                             By: _____
                                                    David E. Gottlieb

                                           85 Fifth Avenue
                                           New York, New York 10003
                                           Telephone: (212) 257-6800
                                           Facsimile:  (212) 257-6845
                                           dgottlieb@thompsonwigdor.com

                                           *Counsel for Plaintiffs*